Frank A. TANKSLEY, Petitioner,

v.

**WARDEN STATE PENITENTIARY OF the STATE OF COLORADO,**
Respondent.

No. 20–70.

United States Court of Appeals, Tenth Circuit.

Aug. 27, 1970.

Frederick T. Berhenke, Denver, Colo., for petitioner.

George E. DeRoos, Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., and John P. Moore, Deputy Atty. Gen., Denver, Colo., with him on the brief), for respondent.

Before LEWIS, Chief Judge, and HICKEY and HOLLOWAY, Circuit Judges.

PER CURIAM.

The United States District Court for the District of Colorado dismissed a petition for habeas relief brought by Tanksley pursuant to Title 28 U.S.C. § 2254, because all adequate and effective state remedies had not been exhausted.

Tanksley was convicted of aggravated robbery in the Denver District Court in May of 1967 and thereafter he sought a writ of error to the Colorado Supreme Court. While the writ of error was pending in December, 1968, he filed a post-conviction motion under 35(b) Colo. R.Crim.Pro. based upon newly discovered evidence which the record indicates was available within one month after his conviction. The state trial court denied the motion for the reason that it had no jurisdiction of the matter because the writ of error was pending in the Supreme Court of Colorado. Tanksley then filed a petition for writ of mandamus to require the trial court to hear his Rule 35 (b) motion with the Supreme Court of Colorado. The writ was denied without prejudice to appeal the 35(b) ruling by writ of error.

Thereafter, Tanksley alleges that he, "asked the Supreme Court for permission and to issue a notice for a separate appeal by writ of error." This request was denied because a writ was then pending.

On July 21, 1969, the petition herein examined was filed in the United States District Court for Colorado. On November 18, 1969 the petition was denied because adequate state remedies had not been exhausted. On February 2, 1970 the Supreme Court of Colorado denied the initial writ of error. Tanksley v. People of Colorado, 464 P.2d 862 (Colo. 1970).

The Federal trial court concluded that it should not exercise jurisdiction over this matter because the matter alleged had not been considered by the state courts and because an adequate procedure was available for its consideration. This appeal raises the question of whether state remedies have been exhausted.

The allegations presented to the Federal court the issue of newly discovered evidence shown by affidavits and a statement acquired within 60 days after the trial and conviction in state court. Rule 33 and 35 Colo.Rules Crim.Pro. are discussed as state remedies not yet exhausted. Rule 33 provides in part,

"A motion for a new trial based upon newly discovered evidence shall be filed as soon after entry of judgment as the facts supporting it become known to the defendant, but if a review is pending the court may grant the motion only on remand of the case."

The briefs of the parties disclose the writ of error was not docketed for one pear, therefore, that the motion for new year, therefore, that the motion for new trial which was then required before a writ of error could be issued, *See* Rule 37(b), 1 Colo.Rev.Stats. (1963), then under consideration could have been amended to include the allegation now pursued.

 Petitioner alleges nothing to disclose his reason for not proceeding immediately when the newly discovered evidence was made known to him. If the allegations are not an effort to litigate piecemeal and lack of diligence has not acted as a waiver, a motion under the Colorado Rule 33 undoubtedly is yet available. 28 U.S.C. § 2254 requires that:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this Section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Tanksley has failed to exhaust available state remedies. Hudson v. Crouse, 420 F.2d 416 (10th Cir. 1970); Langdon v. Patterson, 376 F.2d 29 (10th Cir. 1967); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). A Federal court should particularly defer to a state court where the question raised concerns newly discovered evidence which has not been presented at the state level. In such cases, as is evident here, state procedures are much better suited to investigate the allegations and consider their effects.

The Supreme Court of Colorado determined the issues presented to it by the writ of error while the instant matter was pending in this Court. Tanksley v. People of Colorado, *supra*.

If § 2254 had been a proper procedure for the claim herein considered this Court would have been hard put to affirm the trial court in the face of Way v. Crouse, 421 F.2d 145 (10th Cir. 1970). However, as indicated in *Way, supra* this issue now appears to be moot in view of the Colorado Supreme Court's determination of the issues before it. We note Colorado has now provided for an intermediate Court of Appeals, Colo.Rev. Stats., ch. 37, § 21–1 (1963) (1969 Perm. Supp.), which will relieve the appellate backlogs caused by the press of Court business reflected in recent years.

We conclude that a procedure is prescribed in the Colorado statutes for the appellant herein to pursue in order to have his issue considered.

Affirmed.