## No. 25714

**The People of the State of Colorado v.
Alfred D. Coca**
(521 P.2d 781)

Decided April 22, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Francisco E. Martinez, Kirk P. Brown, for defendant-appellant.

Opinion by MR. JUSTICE LEE.

Appellant was charged by information with burglary, conspiracy to commit burglary, and theft. He was acquitted by a jury of burglary but convicted of conspiracy to commit burglary. The court declared a mistrial as to the theft count, upon which the jury could not agree.

Appellant seeks reversal of his conspiracy conviction, contending that the verdict of guilty to the conspiracy count was inconsistent and irreconcilable with the verdict of not guilty on the burglary count. He further contends that the evidence was insufficient to sustain the verdict of guilt. We disagree with each contention and affirm the conviction.

The record discloses that on the evening of November 28, 1971, appellant and two companions, all former inmates at the state penitentiary, were traveling by automobile from Pueblo toward Grand Junction. They arrived at Gibson's Discount Center, the scene of the burglary, just west of Alamosa on highway U.S. 160. While en route, according to appellant's own testimony, there was a discussion about committing a burglary in Monte Vista. Appellant, however, testified that he disclaimed any interest in the proposed criminal activity and told his companions that he did not want to become involved.

The car in which the three were traveling was observed about 11 p.m. by Jerry Carroll, a partner of Gibson's Discount Center. The car turned into Carroll's trailer park, which was located near Gibson's; then it drove out, disappeared, and returned about five minutes later and parked in Carroll's driveway. Carroll then observed three persons leave the car and proceed toward the rear of the Gibson store. Carroll immediately notified the Alamosa police department.

The police arrived within minutes and discovered a rear door of the store had been pried open and that various firearms had been removed. The firearms, a tire iron, a flashlight, and a loaded pistol were found outside the back of the store near some pallets. Three sets of footprints led from the automobile to the west end of the store building and from there to the back door. From the back door the footprints led to a ditch approximately eighty feet away, where appellant and his two companions were found hiding. The men were placed under arrest and taken to the county jail.

At trial, appellant testified that he knew nothing of a planned burglary. According to his testimony, the three were experiencing car difficulty and were looking for a friend of appellant's in one of the nearby trailer courts. Appellant suggested they park in the trailer court where Mr. Carroll lived so that appellant could start off across a field to locate his friend to obtain assistance. When he returned about five minutes later, he saw his companions running away from the store. He asked them what had happened, and they replied that an alarm had gone off and the police were on their way. Appellant saw a police car and jumped into the ditch with his friends. He explained that he was on parole at the time and knew that he was violating parole conditions by associating with other parolees and by being outside Pueblo County without permission of his parole officer.

Appellant's argument that the verdicts were inconsistent and irreconcilable is predicated upon *Robles v. People,* 160 Colo. 297, 417 P.2d 232. As delineated in *Hughes v. People,* 175 Colo. 351, 487 P.2d 810, the *Robles* rule applies

only where there is a conviction of conspiracy and an acquittal of the substantive charge on the *same evidence*. A jury will not be permitted to believe the evidence for the purpose of the conspiracy and disbelieve it for the purpose of the substantive crime. On the other hand, where there is different evidence relating to the conspiracy, separate and independent from that of participation in the substantive offense, the jury may properly return a verdict of guilty to the conspiracy charge and not guilty to the substantive charge. *See also Bates v. People,* 179 Colo. 81, 498 P.2d 1136; *Armijo v. People,* 170 Colo. 411, 462 P.2d 500.

Here, clearly there was independent evidence relating to the conspiracy, in addition to that bearing directly upon the burglary, namely: that the three men were traveling together from Pueblo toward Monte Vista; that during this trip they discussed committing burglary; that they parked their vehicle near the Gibson store, and were seen walking toward the store; and that, after the break-in had occurred, the men were discovered hiding in a nearby ditch. Although appellant explained he wanted no part of the burglary, the jury was not bound to believe this assertion, but was free to accept or reject whatever portions of his testimony it chose. *Maisel v. People,* 166 Colo. 161, 442 P.2d 399.

We point out that the jury had properly been instructed that to convict of burglary an actual unlawful entry into the building must have been accomplished. The court was not requested to nor did it give an instruction on accessory. The jury, therefore, could find the evidence to be insufficient to establish beyond a reasonable doubt that appellant had actually participated in the burglary, there being an absence of direct evidence of the break-in or other evidence of such as identifiable fingerprints or footprints in the premises. Thus it was not inconsistent for the jury to acquit on the burglary charge but at the same time find that the appellant was guilty of an illegal conspiracy.

In our view the record contains ample competent evidence to sustain the jury's verdict that appellant conspired to commit the crime of burglary.

The judgment is affirmed.

14

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.