STATE OF NORTH CAROLINA v. DEVOYD EUGENE "PETE" GLAZE AND ROBERT LEE HART

No. 7829SC188

(Filed 11 July 1978)

1. **Burglary and Unlawful Breakings § 5.3— break-in—aiding and abetting—insufficiency of evidence**

    The State's evidence was insufficient to support defendant's conviction of aiding and abetting the actual perpetrators of a breaking and entering and larceny where there was no evidence that defendant was actually present at the scene of the crime or that he was in a position to render assistance and give encouragement at the time the crimes were being committed; and though there was evidence that he helped plan the break-in and that he drove away with the perpetrators after the offenses were committed, he did not wait in the getaway car, and did not own or control the getaway car.

2. **Burglary and Unlawful Breakings § 5.3— accessory before the fact to break-in —sufficiency of evidence**

    Evidence was sufficient to show that defendant was an accessory before the fact to the principal offenses of breaking and entering and larceny where such evidence tended to show that defendant helped to plan the break-in but was not present when the offenses were committed by the principals.

3. **Criminal Law § 122.2— failure of jury to reach verdict—instructions not coercive**

    Where the jury deliberated for one hour, took its evening recess, and deliberated the following morning for one hour and twenty-five minutes before stating that they could not reach a verdict, the trial court's instructions to the jury to try again to reach a verdict did not tend to coerce the jury into rendering a verdict of guilty.

APPEAL by defendants from *Baley, Judge.* Judgments entered 12 August 1977 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 20 June 1978.

Defendants were tried on their pleas of not guilty to indictments charging them with breaking and entering the Medical Arts Pharmacy on 31 January 1977 and larceny therefrom of a quantity of drugs, watches, and cash.

The State presented evidence to show that on the night in question Rodney Wiggins was staying at the Withrow Motel. At approximately 3:00 a.m. defendants Hart and Glaze, along with a man named Brooks, came to Wiggins's motel room. Wiggins testified that when they entered the room, "Hart asked me if I

knew where a store was, 'where we might make some money.' "
After some discussion regarding the Medical Arts Pharmacy,
Brooks got tools from the car in which the three men had arrived,
and he, along with Glaze and Wiggins, went to the pharmacy.
Hart stayed in the motel room and did not go in the pharmacy.
Glaze and Wiggins broke into the pharmacy and stole the drugs,
watches, and cash while Brooks stayed outside the pharmacy to
maintain a lookout. Brooks, Glaze and Wiggins returned to the
motel and Brooks put the stolen items in the trunk of the car.
Wiggins went into his motel room to get his coat, and all four
men went to Charlotte in the car driven by Brooks. In Charlotte,
they split the drugs three ways. Hart did not participate in the
split, but he did receive "[a] few of the drugs." Wiggins testified
that he had known Hart "about all my life."

Defendant presented no evidence.

The jury found both defendants guilty of felonious breaking
and entering and felonious larceny. Defendants appeal from
judgments imposing prison sentences.

*Attorney General Edmisten by Assistant Attorney General
Ben G. Irons II, for the State.*

*Carroll W. Walden, Jr., for defendant appellant Devoyd
Eugene "Pete" Glaze.*

*George R. Morrow for defendant appellant Robert Lee Hart.*

PARKER, Judge.

[1] The State presented ample evidence to support the convic-
tion of defendant Glaze as a principal in the first degree, and he
concedes this point in his brief. However, Hart contends that the
State's evidence was not sufficient to support his conviction of
aiding and abetting the actual perpetrators of the offense.

To convict Hart of aiding and abetting, the State was re-
quired to present sufficient evidence to show that he was present,
either actually or constructively, at the scene of the crime with
the intent to aid the perpetrators if necessary and that the intent
to render assistance was communicated in some manner to the ac-
tual perpetrators. *State v. Rankin,* 284 N.C. 219, 200 S.E. 2d 182
(1973). "In order to determine whether a defendant is present, the

court must determine whether 'he is near enough to render assistance if need be and to encourage the actual perpetration of the felony.'" *State v. Lyles,* 19 N.C. App. 632, 635, 199 S.E. 2d 699, 701 (1973). Viewed in the light of these principles, we conclude that the State's evidence was insufficient as a matter of law to show that Hart was actually or constructively present at the scene of the crime.

There was no evidence that Hart was actually present at the scene of the crime, the State's evidence being that Hart stayed inside the motel room while the criminal acts were committed. We cannot agree with the State's contention that the evidence gives rise to a reasonable inference that Hart was constructively present. Although there was evidence that Hart helped plan the break-in, that he drove away with the perpetrators after the offenses were committed, and that he received "[a] few of the drugs," the evidence falls short of showing that he was in a position to render assistance and give encouragement at the time the crimes were being committed. The evidence showed that the motel was located in front of the pharmacy. The back portion of the motel was located approximately fifty feet from the pharmacy, while the front of the motel was approximately 250 feet from the pharmacy. There was also evidence that a person "can see a portion of the motel from the Medical Arts [Pharmacy] building," but there was no evidence that the pharmacy or any adjacent area was visible from the motel room occupied by Hart. The evidence showed that Hart did not wait in the getaway car while the offenses were committed and that he did not drive the getaway car. Furthermore, there was no evidence that he owned or controlled the getaway car.

[2] Although the evidence was insufficient to support Hart's conviction as a principal, he is not entitled to a dismissal of the charges because there was sufficient evidence that he was an accessory before the fact to the prinicpal offenses. A person who "shall counsel, procure or command any other person to commit any felony" is guilty as an accessory before the fact. G.S. 14-5. The evidence of Hart's involvement in the planning of the offenses with which he was charged is sufficient to show that he counseled and advised the actual perpetrators. In addition, the evidence showed that Hart was not present when the offenses were committed and that the offenses were committed by the

principals, Glaze, Brooks, and Wiggins. *See State v. Bass*, 255 N.C. 42, 120 S.E. 2d 580 (1961); *State v. Buie*, 26 N.C. App. 151, 215 S.E. 2d 401 (1975).

The indictment in the present case only charged Hart with the principal offenses, and the trial judge did not instruct the jury on the offense of accessory before the fact. However, "[t]he crime of accessory before the fact is included in the charge of the principal crime." *State v. Jones*, 254 N.C. 450, 452, 119 S.E. 2d 213, 214 (1961). At a new trial, Hart may be tried for accessory before the fact on the indictment charging only the principal offenses, despite the failure of the trial judge to instruct on accessory before the fact at the previous trial. *State v. Buie, supra; State v. Wiggins*, 16 N.C. App. 527, 192 S.E. 2d 680 (1972). Therefore, as to defendant Hart, the case will be remanded so that the district attorney, should he elect to do so, may try the defendant Hart under the original bill of indictment for the offense of being an accessory before the fact to breaking and entering and for the offense of being an accessory before the fact to larceny.

In view of our disposition of this case as to defendant Hart, it is unnecessary to consider his second assignment of error, which is directed to the trial judge's definition of aiding and abetting in the charge to the jury.

[3] Defendants' final assignment of error arises out of the jury's difficulty in reaching a verdict. The jury began its deliberations late in the afternoon. After deliberating for just over an hour, the court took its evening recess, and the jury resumed deliberations the following morning. After deliberating one hour and twenty-five minutes, the jury returned into the court, and the foreman informed the judge that it appeared that a verdict could not be reached. Without indicating which way the majority had voted, the foreman informed the judge that the jury was split eleven to one. The judge then instructed the jury to try again to reach a verdict. Defendants contend that these instructions tended to coerce the jury into rendering a verdict of guilty. We do not agree. While encouraging the jury to reach a verdict to avoid the time and expense of another trial, the judge stated that he did not want his comments to be interpreted as coercion, and on two occasions he admonished the jurors not to surrender their con-

scientious convictions. The instructions urging the jury to agree on a verdict were not specifically directed to the juror in the minority but were directed to the jury as a whole. Therefore, we find that the instructions were not coercive. *See State v. Alston,* 294 N.C. 577, 243 S.E. 2d 354 (1978); *State v. Butler,* 269 N.C. 483, 153 S.E. 2d 70 (1967). Accordingly, this assignment of error is overruled.

As to defendant Hart, the case is remanded for a

New Trial.

As to defendant Glaze, we find

No Error.

Judges HEDRICK and MITCHELL concur.