The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Frank E. HAWKINS, Defendant-Appellant.

No. 85CA0625.

Colorado Court of Appeals, Div. I.

Sept. 4, 1986.

Rehearing Denied Oct. 9, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Stephen M. Flavin, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Frank E. Hawkins, appeals from the judgment of conviction entered on jury verdict finding him guilty of sexual assault on a child. We affirm.

The victim was 14 years old at the time of the assault. Defendant allegedly picked up the victim at her aunt's house to take her home and, after obtaining the victim's mother's permission to take the victim to get a soft drink, drove her instead to a nearby park where the assault occurred. In her trial testimony, the victim stated when she resisted defendant's advances, he grabbed her by the hair and forced her to perform fellatio. The investigating detective testified, however, that the victim did not describe the forced fellatio until his third interview with her. Prior to that time she had stated only that defendant had kissed her, touched her, and forced her to touch him.

I.

Defendant was charged with first degree sexual assault and sexual assault upon a child. Both offenses were charged as class three felonies and trial proceeded on both of them, but led to acquittal of the first. On appeal, defendant contends that

the verdicts are inconsistent. We do not agree.

The offense of first degree sexual assault is committed when the actor "knowingly inflicts *sexual penetration* on a victim" if the actor "causes submission of the victim through the actual application of physical force or physical violence." Section 18–3–402, C.R.S. (1978 Repl.Vol. 8) (emphasis supplied). The offense of sexual assault on a child is committed when the actor "knowingly subjects another not his or her spouse to any *sexual contact* ... if the victim is less than fifteen years of age and the actor is at least four years older than the victim." Section 18–3–405, C.R.S. (1978 Repl.Vol. 8) (emphasis supplied). This offense may be charged as a class three felony if the actor causes submission of the victim through physical force. Section 18–3–405(2)(a), C.R.S. (1985 Cum. Supp.). Thus, these charges are distinguished by the nature of the sexual activity complained of. "Sexual contact" denotes touching for the purposes of sexual arousal, gratification, or abuse, while "sexual penetration" denotes any penetration such as that effected during fellatio. *Compare* § 18–3–401(4), C.R.S. (1978 Repl.Vol. 8) *with* § 18–3–401(6), C.R.S. (1978 Repl.Vol. 8).

When the crimes charged require different elements of proof, a jury verdict will not be reversed because of inconsistency unless the jury could not find, from the very same evidence, that an element of one offense was present while an element of another was not. *People v. Morgan,* 637 P.2d 338 (Colo.1981). Thus, a jury cannot believe the same evidence for purposes of one charge, but disbelieve it for purposes of another. *See People v. Morgan, supra; People v. Coca,* 185 Colo. 10, 521 P.2d 781 (1974) (discussing evidence supporting conspiracy and substantive offense).

While the victim testified that fellatio had occurred, other evidence showed that she had initially reported only activity that could qualify as sexual contact. Thus, the jury could have believed that sexual contact occurred while rejecting the testimony as to fellatio. The verdicts, therefore, are not inconsistent.

## II.

During *voir dire,* defendant challenged two jurors for cause. One was later excused pursuant to a peremptory challenge, but the other served. The latter juror had initially stated that he could not acquit a defendant if the defendant did not present evidence. Other prospective jurors concurred in this opinion, so the court explained to them that the prosecution had to carry the burden of proof as to each element of the charged offenses. The juror then stated that he would rely on the instructions of law as given by the court.

Defendant contends that the trial court erred in not granting both challenges for cause and in not granting additional peremptory challenges when the first juror was ultimately excused. We do not agree.

The right to a fair trial requires that a jury be impartial, that is, neither prejudiced nor biased. A trial court must excuse a juror if it appears doubtful that he or she will follow its instructions on the law. The ultimate decision, however, rests in the sound discretion of the trial court, and will not be disturbed absent clear abuse of that discretion. *See* § 16–10–103(1)(j), C.R.S. (1978 Repl.Vol. 8); Crim.P. 24(b)(1)(X); *Nailor v. People,* 200 Colo. 30, 612 P.2d 79 (1980).

Based upon our review of the record we conclude that neither juror challenged for cause displayed the "existence of a state of mind ... manifesting bias ... or ... a previously formed or expressed opinion regarding the guilt or innocence" of the defendant. *See* Crim.P. 24(b)(1)(X). We do not find sufficient reason to question the impartiality of either juror, and we conclude that the trial court did not abuse its discretion in refusing the challenges for cause and the request for additional peremptory challenges.

## III.

Defendant next contends that the trial court erred in not granting his motion

*in limine* requesting exclusion of evidence concerning a prior assault on the victim by her uncle. He argues that the rape shield statute, § 18–3–407, C.R.S. (1978 Repl.Vol. 8), requires the prosecution to move for admission of such evidence and that because this was not done here, the evidence should not have been presented. Again, we do not agree.

The purpose of the rape shield statute is to protect victims from public humiliation regarding their past sexual conduct. *People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978). However, the evidence of the prior assault was offered to explain why the victim delayed in reporting defendant's conduct: Her prior allegation concerning an assault by her uncle had been disbelieved by her parents and she was punished for speaking out. This evidence was relevant for the purposes for which it was offered, and we find no indication that the General Assembly intended the rape shield statute to apply to exclude it. We conclude that the trial court did not err in denying defendant's motion *in limine.*

## IV.

Finally, defendant contends that the trial court erred in refusing to submit to the jury tendered instructions regarding the credibility of the victim as specifically related to her delay in reporting the assault. However, such instructions have previously been disapproved in *People v. Oliver,* 665 P.2d 152 (Colo.App.1983).

Accordingly, the judgment is affirmed.

PIERCE and METZGER, JJ., concur.