**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Susan SMITH, Defendant–Appellee.**

No. 96CA0619.

Colorado Court of Appeals, Div. A.

June 27, 1996.

Peter F. Michaelson, District Attorney, Titus D. Peterson, Deputy District Attorney, Miles Madorin, Deputy District Attorney, Boulder, for Plaintiff–Appellant.

Lamm, Freeman & Butler, L.L.C., Tom W. Lamm, Patrick D. Butler, Boulder, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

By motion to dismiss this appeal, defendant, Susan Smith, presents the issue whether the People may appeal an order granting a new trial in a criminal case. We conclude that such an appeal is authorized under § 16–12–102(1), C.R.S. (1995 Cum.Supp.) and, therefore, deny the motion to dismiss.

Our understanding of the pertinent facts is gleaned from the People's notice of appeal, as the record has not yet been filed. It appears that defendant was tried on charges of unlawful distribution of a controlled substance under § 18–18–405(1)(a), C.R.S. (1995 Cum. Supp.) and manslaughter under § 18–3–104(1)(a), C.R.S. (1995 Cum.Supp.). The People's case largely depended upon the testimony of one key witness. Defendant was found guilty of the unlawful distribution charge and the lesser included offense of criminally negligent homicide.

Defendant then filed a motion for new trial pursuant to Crim. P. 33, based upon newly discovered evidence consisting of an admission by the principal prosecution witness. The trial court found that the witness had testified untruthfully at the trial and, therefore, granted the motion for new trial. In response, the People initiated this appeal.

In her motion to dismiss, defendant contends that we lack jurisdiction to hear this appeal. She argues that under § 16–12–102(1), the People can appeal the granting of a new trial only if it is based upon a question of law and that, here, the trial court's decision to grant a new trial was a based on a question of fact. We disagree with defendant's interpretation of the statute.

In interpreting § 16–12–102(1), our primary task is to give effect to the intent of the General Assembly, which is to be discerned when possible from the plain and ordinary meaning of the statutory language. Also, statutory provisions are not to be subjected to a strained or forced interpretation, and a statute must be construed as a whole so as to give consistent, harmonious, and sensible effect to all its parts. *People v. Young*, 814 P.2d 834 (Colo.1991).

Prior to July 1, 1993, § 16–12–102(1), C.R.S. (1986 Repl. Vol. 8A) provided that: "The prosecution may appeal any decision of the trial court in a criminal case upon any question of law." Also, pursuant to judicial decision, a trial court order granting a new trial in a criminal case was not appealable.

*See People v. Campbell,* 738 P.2d 1179 (Colo. 1987); *People v. Cochran,* 176 Colo. 364, 490 P.2d 684 (1971).

However, in 1993, this statute was amended to include the granting of a new trial as an appealable issue:

> The prosecution may appeal any decision of the trial court in a criminal case upon any question of law, *and any order of the trial court granting a new trial after the entry of a verdict or judgment shall constitute a final order which shall be immediately appealable pursuant to this subsection (1).*

Section 16–12–102(1), C.R.S. (1995 Cum. Supp.) (added language emphasized). Defendant argues, in effect, that the use of the word "and" in this statute is used in the conjunctive, *i.e.,* that in order for the granting of a new trial to be appealable, it must have been based on a question of law.

 Our reading of the plain language of this statute convinces us that the use of the word "and" was used in the alternative, rather than the conjunctive. *See People v. Miller,* 747 P.2d 12 (Colo.App.1987) (aggravated sentencing factors separated by the word "or" were expressed in the alternative, rather than the conjunctive). The substitution of "or" for "and" in this provision denotes an intent to authorize two distinct instances in which the prosecution may appeal. *See Smith v. Colorado Department of Human Services,* 916 P.2d 1199 (Colo.App.1996) (when necessary in interpreting statutes, "and" and "or" may be substituted for one another). Thus, we hold that the prosecution may appeal either any decision based on a question of law *or* any grant of a new trial.

Our interpretation is buttressed by the fact that this amendment is an independent clause and would lose no meaning if it had been added as a separate sentence. *See* § 2–4–101 (1980 Repl. Vol. 1B) (words and phrases shall be read in context and construed according to the rules of grammar and common usage).

 Therefore, we conclude that this court has jurisdiction to hear the prosecution's appeal of the trial court's granting of a new trial even though it is based upon a question of fact. *See People v. Gallegos,* —— P.2d —— (Colo.App. No. 93CA2135, April 4, 1996) (with exceptions not applicable here, appeals under § 16–12–102(1) are to the court of appeals).

Defendant's motion to dismiss is denied.

RULAND and CASEBOLT, JJ., concur.