The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

William Charles COLLINS, Defendant–Appellee.

No. 00CA1396.

Colorado Court of Appeals, Div. IV.

Aug. 16, 2001.

G.F. Sandstrom, District Attorney, Richard W. Dickerson, Deputy District Attorney, Pueblo, CO, for Plaintiff–Appellant.

David S. Kaplan, Colorado State Public Defender, Denver, CO; Guillermo R. Garibay, Deputy State Public Defender, Pueblo, CO, for Defendant–Appellee.

Opinion by Judge VOGT.

The People appeal the trial court's order dismissing two counts of first degree burglary brought against defendant, William Charles Collins, on the basis that probable cause was not established at the preliminary hearing. We affirm.

Defendant and three companions were stopped in their car and questioned by police investigating a reported burglary. After the burglary victim was brought to the scene of the stop and identified the three companions as the men who had entered her home, all four men were arrested. Defendant was charged with two counts of first degree burglary and two counts of menacing with a deadly weapon. The menacing charges, class five felonies as to which there was no preliminary hearing, remain pending.

At the preliminary hearing, the burglary victim again identified defendant's companions as the men who broke into her home, and the court found probable cause as to all the charges against them. The victim did not identify defendant. However, the prosecutor stated that he was proceeding against defendant under a complicity theory. To establish probable cause for the burglary charges against defendant, the prosecutor called a police officer who had interviewed defendant shortly after he was taken into custody.

According to the officer, defendant told him the four men had been drinking at a bar. One of them asked defendant to take them to the address at which the burglary took place. Defendant did not know where he was going

and had to be given directions to get there. He told the officer he had parked the car and stayed in it when the other three occupants got out. When he heard a gunshot, he fled the scene. He was confused about where he was, drove to a dead end, and, as he was driving around, saw the other occupants and picked them up.

On cross-examination, the officer testified that defendant was "very cooperative" and not evasive during the interview and that, although not questioned about the matter, defendant "came forward ... and said" that he had a gun in the car. The officer further testified that he was aware of no information to indicate that defendant pointed any gun at anyone and that, based on his investigation and his conversations with other officers, there was no indication that defendant knew there was going to be a robbery or a burglary.

No other evidence was presented at the preliminary hearing.

At the conclusion of the hearing, the trial court reviewed the applicable legal standards and the evidence presented and concluded:

> Based upon the facts and circumstances of this particular matter, I don't believe that there is probable cause as to these counts as it relates to Mr. Collins. There is no evidence whatsoever that he had knowledge that the other persons intended to commit any crime. And there's no testimony that he intentionally aided, abetted, advised, or encouraged the other persons to commit the crime. And that's the only theory that the prosecution has as it relates to this defendant is the complicity theory. So, as to Mr. Collins, I'm not going to find probable cause based upon the evidence that has been presented in this matter.

The People have appealed from that determination, arguing that the trial court's ruling was an abuse of discretion. In response to our request that the parties address whether we have jurisdiction, defendant has moved for dismissal of the appeal on the basis that: (1) Crim. P. 7(h)(4) does not authorize prosecution appeals from a dismissal at the preliminary hearing of fewer than all pending

charges; and (2) no question of law is presented. We conclude that we have jurisdiction, and we affirm the trial court's order.

## I. Jurisdiction

### A. Dismissal of fewer than all charges

Crim. P. 7(h)(4) states, in pertinent part: If, from the evidence, it appears to the district court that no probable cause exists to believe that the offense charged has been committed by the defendant, the court shall discharge the defendant and dismiss the information.... *If the prosecutor believes the court erred in its finding of no probable cause, this ruling may be appealed pursuant to Colorado appellate rules.*

(Emphasis supplied.)

In *People v. Gallegos*, 926 P.2d 156, 161 (Colo.App.1996) (*Gallegos I*), rev'd, 946 P.2d 946 (Colo.1997), a division of this court concluded that the time for an appeal by the prosecution of the dismissal of a felony murder count was not excludable from the defendant's speedy trial period. In so concluding, the division stated that Crim. P. 7(h)(4) "applies only in those instances in which, as the rule states, the information is to be dismissed in its entirety and the defendant discharged as a result of a finding of no probable cause. Thus, the rule applies to the termination of all proceedings in the trial court and does not form a basis for an 'interlocutory appeal.'"

Here, the two remaining felony counts against defendant are being held in abeyance pending the outcome of this appeal. Under the *Gallegos I* language set forth above, the People's appeal would thus not be authorized under Crim. P. 7(h)(4).

The supreme court granted certiorari to consider "the determination [in *Gallegos I*] that the prosecution may not appeal from a preliminary hearing finding of no probable cause, resulting in the partial dismissal of a multi-count information," but did not decide the issue because it reversed on other grounds. *People v. Gallegos, supra*, 946 P.2d at 953 (*Gallegos II*). The court acknowledged, however, that it had previously allowed such appeals under § 16–12–102(1), C.R.S.2000, which addresses appeals by the

prosecution in criminal cases. The rationale articulated in the court's earlier cases was that, although § 16–12–102(1) generally applies only to appeals following final judgments, the dismissal of criminal counts is analogous to a final judgment with respect to the dismissed charges in that it effectively terminates prosecution of those charges. *See, e.g., People v. Jefferson,* 748 P.2d 1223, 1225 (Colo.1988).

■ In 1998, one year after *Gallegos II* was announced, the General Assembly amended § 16–12–102(1) to add a sentence providing: "Any order of a court that either dismisses one or more counts of a charging document prior to trial or grants a new trial after the entry of a verdict or judgment shall constitute a final order that shall be immediately appealable pursuant to this subsection (1)." Colo. Sess. Laws 1998, ch. 251 at 948.

As in any case requiring statutory construction, we construe this amendment to give effect to the intent of the General Assembly, which is to be discerned when possible from the plain and ordinary meaning of the statutory language. *Rowe v. People,* 856 P.2d 486 (Colo.1993). Under the plain terms of the amendment, notwithstanding the *Gallegos I* language to the contrary, the fact that two felony charges remain pending here does not preclude the prosecution from appealing the dismissal of other charges.

### B. Question of law

We further conclude that the 1998 amendment to § 16–12–102(1) requires this court to address appeals that fall within the added language even if, as here, the People's only contention is that the trial court abused its discretion.

Section 16–12–102(1) provides that the prosecution may appeal "any decision of a court in a criminal case upon any question of law." Consistent with that language, prior decisions of the supreme court and this court have distinguished prosecution appeals based on erroneous legal rulings, appealable under § 16–12–102(1) to the supreme court prior to 1988 and to this court since then, from contentions of abuse of discretion, reviewable in the supreme court under C.A.R. 21. *See*

*generally Abbott v. County Court,* 886 P.2d 730, 735 (Colo.1994) (discussing avenues of relief available to prosecution when district court makes finding of no probable cause).

However, in 1993, the General Assembly amended the first sentence of § 16–12–102(1) to read: "The prosecution may appeal any decision of the trial court in a criminal case upon any question of law, *and any order of the trial court granting a new trial after the entry of a verdict or judgment shall constitute a final order which shall be immediately appealable pursuant to this subsection (1)."* Colo. Sess Laws 1993, ch. 202 at 1728 (emphasis added). In *People v. Smith,* 921 P.2d 80 (Colo.App.1996), a division of this court recognized that this amendment evidenced an intent to permit the prosecution to appeal *either* any decision based on a question of law *or* any grant of a new trial, even if the new trial grant was based on a question of fact.

The 1998 amendment took the language added in 1993 and made it part of a new, separate sentence encompassing both appeals from orders granting a new trial and appeals from orders dismissing one or more counts of a charging document prior to trial. Thus, the current version of § 16–12–102(1) begins as follows:

> The prosecution may appeal any decision of a court in a criminal case upon any question of law. Any order of a court that either dismisses one or more counts of a charging document prior to trial or grants a new trial after the entry of a verdict or judgment shall constitute a final order that shall be immediately appealable pursuant to this subsection (1).

In construing the statute in its present form, we are to presume that the General Assembly is cognizant of and adopts the construction that prior judicial decisions have placed on particular language when it employs such language in subsequent legislation. *People v. Hickman,* 988 P.2d 628 (Colo. 1999).

Here, the sentence added in 1998 begins with the broad language *"any* order" and then addresses, in a single sentence, both orders granting a new trial—previously construed to encompass appeals from such or-

ders even if based on a question of fact—and orders dismissing one or more counts of a charging document.

Giving effect to the plain language of the amendment and applying the presumption set forth above, we conclude that the General Assembly's intent was to allow the prosecution to appeal any dismissal of a charge prior to trial, even though such appeal is not based on a question of law. Thus, even assuming that the issue presented here would not have been reviewable under prior case law because it did not involve a question of law, that limitation on our jurisdiction under § 16–12–102(1) is no longer applicable in light of the 1998 amendment when the appeal is from an order dismissing one or more charges prior to trial.

We recognize that permitting such appeals to proceed according to the general procedure for appeals commenced in this court under C.A.R. 4(b)(2) may in some instances result in a delay sufficient to implicate constitutional concerns. *See Gallegos II, supra* (holding that delay caused by interlocutory appeal was excluded from statutory speedy trial, but recognizing that such appeals necessarily disrupt the course of proceeding to a final resolution of the charges and may raise constitutional concerns). However, we do not view this case, in which the preliminary hearing was conducted in June and July 2000 and defendant is not presently incarcerated on the remaining charges, as presenting such concerns.

## II. *Merits*

Having determined that we have jurisdiction, we turn to the merits of the People's appeal.

A preliminary hearing serves the limited purpose of determining whether there is probable cause to believe that an offense has been committed and that the person charged committed the offense. The prosecution is not required to produce evidence sufficient to support a conviction; rather, it need only present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime. In

determining whether the prosecution has met its burden, the trial court is to view the evidence in the light most favorable to the prosecution. *People v. Thornton*, 929 P.2d 729 (Colo.1996). If testimony is conflicting, the trial court must draw the inference favorable to the prosecution. *People in Interest of M.V.*, 742 P.2d 326 (Colo.1987).

A trial court's determination that probable cause has not been established will generally be upheld on appeal absent an abuse of discretion. *See People v. Ayala*, 770 P.2d 1265 (Colo.1989); *see also People v. Hall*, 999 P.2d 207 (Colo.2000) (district court's decision upholding county court's finding of no probable cause is generally reviewed under abuse of discretion standard; however, conclusions of law are reviewed *de novo* ); *People v. Garner*, 781 P.2d 87 (Colo. 1989).

To establish defendant's liability as a complicitor in the burglary, the prosecution had to establish that, with the intent to promote or facilitate the commission of the burglary, he aided, abetted, advised, or encouraged the other men in planning or committing the offense. *See* § 18–1–603, C.R.S.2000.

In its bench ruling here, the trial court correctly stated the standards applicable to a probable cause determination, including the requirements that the evidence be viewed in the light most favorable to the prosecution and that all inferences be resolved in favor of the prosecution. It also correctly stated the showing required to establish defendant's liability for the burglary on a complicity theory. The court then found that there had been "no evidence whatsoever" that defendant had knowledge that the other persons intended to commit any crime or that he intentionally aided, abetted, advised, or encouraged others to do so. Therefore, it found that the prosecution had not shown probable cause for the charges.

Our review of the record does not persuade us that this determination was an abuse of discretion.

This is not a case in which the trial court applied an erroneous legal standard, as in *People v. Thornton, supra, People v. Hall, supra,* and *People v. Villapando*, 984 P.2d 51 (Colo.1999); disregarded the testimony of prosecution witnesses, as in *People v.. Jensen*, 765 P.2d 1028 (Colo.1988); or failed to resolve conflicts in the evidence in favor of the prosecution. Rather, the court found that the prosecution had offered no evidence at all of certain elements necessary to establish complicity liability.

In *People v. Ayala, supra,* the supreme court upheld the trial court's dismissal of a theft by receiving charge for lack of probable cause. In so doing, it declined to infer from the evidence that the defendant knew that the car at issue was stolen, because doing so would necessitate drawing an inference upon an inference. Similarly here, to find probable cause, the trial court would have had to infer that defendant knew that a burglary was planned and then, based on this inference, infer that he intended to promote or facilitate the commission of the burglary and in fact did so. It was not an abuse of discretion for the trial court to decline to do so.

The order is affirmed.

Judge RULAND specially concurs.

Judge ROTHENBERG concurs in part and dissents in part.

Judge RULAND specially concurring.

I concur with the result reached in Parts I and II of the majority opinion. However, I write separately on Part I of the opinion because of my concern that the adoption of § 16–12–102(1), C .R.S.2000, undermines the fundamental concept which prompted the General Assembly to re-create this court in 1970. *See* Colo. Sess. Laws 1969, ch. 106 at 265; *see also* Colorado Code of Judicial Conduct 4A (encouraging judges to comment on changes to improve the legal system). That concept was to resolve appeals from *final* judgments in an effort to *end* litigation.

Specifically, the court was reconstituted because of the substantial backlog in the supreme court resulting from significantly increased filing of appeals in both civil and criminal cases. *See Tanksley v. Warden State Penitentiary*, 429 F.2d 1308 (10th Cir.1970)(noting that intermediate court established in Colorado to address the back-

log); *Report to the Colorado General Assembly: "Intermediate Court of Appeals for Colorado,"* Colorado Legislative Council Research Publication No. 138 (Nov.1968). The court's jurisdiction was generally limited by the General Assembly to appeals from final judgments because that was and continues to be a critical need in the judicial system. *See Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970)(discussing review in the two appellate courts).

Over time the membership of the court has been increased, as has the court's jurisdiction, to keep pace with the litigation explosion. Indeed, the jurisdiction has now been expanded to include a significant number of administrative and other types of cases where judicial review of a final decision is appropriate. *See* § 13–4–102, C.R.S.2000; *cf.* Colo. Sess. Laws 1969, ch. 106 at 265. However, the requirement that a final judgment or final agency order must be entered has been maintained except in a few areas such as the Governmental Immunity Act. *See* § 24–10–108, C.R.S.2000.

Now the prosecution has been granted the privilege to appeal orders that have no semblance of finality. Section 16–12–102(1), C.R.S.2000. In this case two felony charges were still pending against defendant when the notice of appeal was filed.

Accordingly, in a court in which the annual filings have been as high has 2647 in one fiscal year, certain of the court's resources must be utilized to decide an issue that has little impact, if any, on the criminal justice system or probably even in this case. *See FY 2000 Annual Report of the Colorado Judicial Branch* pt. II (Oct. 30, 2000); *see also* J. Casebolt, *Procedures and Policies of the Colorado Court of Appeals,* 24 Colo. Law. 2105 (1995). These resources could well be used to address appeals in other areas where the General Assembly has mandated that appeals take priority. *See, e.g.,* Child Welfare Appellate Workgroup, *Report to the General Assembly* (Jan.1998); *see also* § 8–43–307, C.R.S.2000 (granting certain priority to appeals in workers' compensation cases).

Conversely, the prosecution has suffered no significant prejudice. The trial court applied the correct legal test in its ruling. The only disagreement is whether the court abused its discretion in the application of that test.

In addition, the dismissed charges against defendant can be refiled if appropriate and thorough investigation reveals any additional evidence to support those allegations. Further, were any significant abuse of the trial court's discretion apparent in its ruling, appellate review could be requested in the supreme court pursuant to C.A.R. 21. *See People v. District Court,* 898 P.2d 1058 (Colo.1995)(addressing propriety of review for prosecution under C.A.R. 21 when other appellate remedies are inadequate because of double jeopardy considerations).

The prejudice to defendant is apparent. The delay in resolving the pending charges against him is significant. Indeed, he cannot even demand a trial date within six months under the speedy trial statute while the appeal is pending. *See People v. Gallegos,* 946 P.2d 946 (Colo.1997).

Given all of these considerations, one would hope that the General Assembly will reconsider this issue with the goal of eliminating the need and thus the resources required to decide prosecution appeals with such little impact or consequence.

Judge ROTHENBERG concurring in part and dissenting in part.

While I agree with part I of the majority opinion addressing the issue of jurisdiction, I respectfully dissent from part II, which affirms the trial court's order dismissing the two burglary counts against defendant. I conclude the prosecution met its burden at the preliminary hearing of establishing defendant's involvement as a complicitor in the burglary, and I would reverse the trial court's order and remand for trial on those counts.

Probable cause is established when the People present evidence sufficient to induce a reasonable person to believe that a crime was committed and that the defendant participated in its commission. It is not a heavy burden, and in determining whether the People have met it, the trial court is required to view the evidence in the light most favorable

to the prosecution. *People v. Thornton*, 929 P.2d 729 (Colo.1996). If the evidence is conflicting, the trial court must draw the inferences most favorable to the prosecution. *People v. Hall*, 999 P.2d 207 (Colo.2000).

Section 18–1–603, C.R.S.2000, defines complicity:

A person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he or she aids, abets, advises, or encourages the other person in planning or committing the offense.

A formal agreement is not required to establish the defendant's complicity, *Harris v. People*, 139 Colo. 9, 335 P.2d 550 (1959), nor is the defendant required to perform all acts necessary to the offense to be charged as a complicitor. *Reed v. People*, 171 Colo. 421, 467 P.2d 809 (1970). Further, the elements of the defendant's complicity may be established by reasonable inference from other established facts and circumstances. *Harris v. People, supra.*

Numerous appellate decisions have rejected claims by defendants that there was insufficient evidence of their intent or knowledge to sustain their convictions. For example, in *Keller v. People*, 153 Colo. 590, 387 P.2d 421 (1963), the supreme court rejected the defendant's argument that there was insufficient evidence to support his burglary conviction because he lacked the requisite intent. The court stated that:

"More frequently than not, burglary must be established by circumstantial evidence...."

The defendant contends that no evidence of the intent requisite to the crime of burglary was produced by the People. The answer to this contention is that an accused is presumed to intend the necessary or the natural and probable consequences of his unlawful voluntary acts, knowingly performed.

*Keller v. People, supra*, 153 Colo. at 594, 387 P.2d at 424 (quoting *Wilcox v. People*, 152 Colo. 173, 380 P.2d 912 (1963)).

Likewise, in *Nunn v. People*, 177 Colo. 87, 88, 493 P.2d 6, 7 (1972), the defendant admitted he was in the getaway car with the perpetrators of a burglary, but claimed he was drunk, asleep, and unaware of the happenings. The supreme court acknowledged that the People's evidence that the defendant was guilty of burglary and theft was "wholly circumstantial," but nevertheless rejected the defendant's argument, concluding that "the question of whether the defendant's explanation was to be believed was a question of fact for the jury." *Nunn v. People, supra*, 177 Colo. at 90–91, 493 P.2d at 9. *See People v. Coca*, 185 Colo. 10, 13, 521 P.2d 781, 783 (1974)(although defendant testified at trial that he knew nothing of a planned burglary, court stated that "the jury was not bound to believe this assertion, but was free to accept or reject whatever portions of his testimony it chose").

Here, defendant admits he drove his three companions to and from the burglary. He claims, however, that the evidence showed nothing more than his mere presence at the scene. I disagree.

Other jurisdictions have addressed the factual circumstances under which the actions of the driver of a getaway car progress from mere presence at a crime scene to complicity. In *Commonwealth v. Finley*, 477 Pa. 382, 383 A.2d 1259 (1978), for example, the court held that the prosecution's evidence was insufficient to show the defendant's complicity because it showed little more than his mere presence. The court initially stated that:

There is no doubt that one who acts as lookout and driver of a getaway car is as guilty as those who carry out the planned crimes. The evidence, however, must be sufficient to establish that [the defendant] had knowledge of the planned crimes and aided and abetted the commission of the crimes.

*Commonwealth v. Finley, supra*, 477 Pa. at 385, 383 A.2d at 1260 (citation omitted; emphasis added). The court in *Finley* then explained that such knowledge was not established because there was no evidence that the car in which the defendant was observed outside the victim's home was waiting for anyone, nor did the evidence show that the defendant actually drove the car away after the crime was committed.

In contrast, here, an officer testified at the preliminary hearing that defendant admitted: (1) he was with the three identified burglars before the crime and they were drinking at a bar together; (2) one of them asked him to drive them to the address at which the burglary took place; (3) he drove the three men to the scene of the offense in his car; (4) he was aware there were three guns in the car; (5) he parked the car and remained in it while the other three men exited and entered the victim's home; (6) he waited outside the victim's home until he heard a gunshot, at which time he became frightened and fled the scene; (7) he did not go home or to another place, but drove to a dead end; (8) he somehow picked up his companions shortly after they had fled from the crime scene; and (9) he drove away with the three fleeing felons in his car. When the police arrested the men, defendant was driving the getaway car, and the police found three guns in the car. *See also Lincoln v. State*, 459 So.2d 1030 (Fla.1984)(evidence sufficient to sustain conviction of wife who drove husband from the scene of a robbery because she knew in advance he was intending to commit the robbery); *State v. Glaze*, 37 N.C.App. 155, 245 S.E.2d 575 (1978)(evidence insufficient to show defendant aided and abetted the actual perpetrators of a burglary where there was no evidence he was actually present at the scene or in a position to render assistance at the time the crimes were being committed).

Of course, it is within the jury's prerogative at trial to accept defendant's self-serving assertion that he was unaware of his companions' intentions and did not intend to assist them by driving them to or from the crime scene. However, the trial court here was not at liberty to do so. *See People v. Coca, supra.* At the preliminary hearing, it was required to view the evidence in the light most favorable to the prosecution and to apply the inferences most favorable to the prosecution. *See People v. Thornton, supra.* Under that standard, I conclude defendant's knowledge can be inferred from these circumstances. *See White v. MacFarlane*, 713 P.2d 366, 369 (Colo.1986)("evidence of state of mind is rarely available and intent may be inferred").

Because I conclude the People presented sufficient evidence of probable cause to implicate defendant as a complicitor in the burglaries, I would reverse the order dismissing the two counts of first degree burglary and remand the case for trial.