## The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

## Richard SEVERIN, Defendant–Appellee.

### No. 04CA0856.

Colorado Court of Appeals,
Div. V.

Sept. 8, 2005.

Robert Watson, District Attorney, Phillip Stacy Michaels, Assistant District Attorney, Fort Morgan, Colorado, for Plaintiff–Appellant.

David S. Kaplan, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

DAILEY, J.

The People appeal the trial court's order reducing charges against defendant, Richard Severin, as a sanction for a discovery violation. We dismiss the appeal.

Defendant was charged with first degree arson, a class three felony, based on allegations that he set afire a tent in which another person lived. At trial, after the jury was sworn, defendant sought to preclude the testimony of the alleged victim, based on the prosecution's failure to provide a criminal history, as required by Crim. P. 16(I)(a)(1)(V). Through his own investigation, defendant had just the night before discovered that the victim had at least one prior felony conviction.

The prosecution conceded that it had not previously supplied the defense with the victim's criminal history. The court recessed for the day, after directing the prosecution to provide the defense with criminal history documents, "ASAP." The next morning, the prosecution delivered the documents to the court and to defense counsel. Defendant protested, and the court agreed, that the documents should have been delivered to the defense the prior evening. Defendant again requested the exclusion of the victim's testimony as a sanction.

After hearing from the defense ex parte in chambers, the trial court declined to exclude the testimony of the victim but, over defendant's objection, sua sponte declared a mistrial and continued the case. Approximately one month later, after again hearing from the defense ex parte in chambers, the court reduced the first degree arson charge against defendant to fourth degree arson, a class three misdemeanor.

Although the prosecution initially indicated that it would seek relief from the supreme court pursuant to C.A.R. 21, it did not do so. Instead, thirty-two days later and on the eve of trial, it successfully moved to dismiss the remaining misdemeanor charge, and six days thereafter it filed the instant appeal with this court.

 Neither party has questioned our jurisdiction to hear this appeal. Nonetheless, the jurisdiction of this court is a matter that we may raise and resolve sua sponte. *See J.P. Meyer Trucking & Constr., Inc. v. Colo. Sch. Dists. Self Ins. Pool,* 18 P.3d 198, 201 n. 3 (Colo.2001); *Keith v. Kinney,* 961 P.2d 516, 518 (Colo.App.1997).

Under § 16–12–102(1), C.R.S.2004, the prosecution may appeal "any decision of a court in a criminal case upon a question of law," including orders "dismiss[ing] one or more counts of a charging document prior to trial." Such an order is "immediately appealable."

Ordinarily, a prosecution's "question of law" appeal must be filed in the court of appeals within forty-five days of the date of the order appealed from. *See* C.A.R. 4(b)(2). However, where the order "dismisses one or more but less than all counts of a charging document prior to trial," the appeal is governed by the procedures set forth in C.A.R. 4.1. *See* C.A.R. 4(b)(3). C.A.R. 4.1 requires that an appeal be filed within ten days of the date of the order at issue. *See* C.A.R. 4.1(b).

Here, the People appeal the trial court's order reducing the sole charge against defendant from first to fourth degree arson. In reducing a charge, however, a court in effect dismisses the greater charge and substitutes a lesser one. *Cf. People v. Chaussee,* 880 P.2d 749, 750 n. 2 (Colo.1994)(equating reduction of a perjury charge, based upon a lack of probable cause at a preliminary hearing, to a dismissal of the charge).

If the trial court had dismissed the case in its entirety, under C.A.R. 4(b)(2), the prosecution would have had forty-five days to appeal. But the trial court did not dismiss the case; it added, and left pending, a lesser charge, ostensibly for the prosecution's benefit.

 The prosecution has an important interest in being able to immediately appeal a ruling dismissing one or more but not all charges in a case. *See People v. Traubert,* 199 Colo. 322, 330, 608 P.2d 342, 348 (1980)("Since the prosecution is precluded from placing a defendant in double jeopardy after a verdict has been rendered, its only meaningful avenue of appeal must be found in a pre-judgment proceeding.").

Conversely, criminal defendants have an important interest in having this type of appeal decided expeditiously. In *People v. Collins,* 32 P.3d 636, 639 (Colo.App.2001), a division of this court recognized that this type of appeal necessarily disrupts the course of proceeding to a final resolution of charges, and "permitting [them] to proceed according to the general procedure for appeals commenced under C.A.R. 4(b)(2) may in some instances result in a delay sufficient to implicate constitutional concerns."

C.A.R. 4(b)(3), requiring expedited review procedures for appeals of orders "dismiss[ing] one or more but less than all counts of a charging document prior to trial," was adopted in the wake of the *Collins* decision.

 Here, although the prosecution had not filed a multi-count charging document, the trial court's reduction in charge produced the same effect: the prosecution could not go forward on the charge it wanted, but part of the case still remained to be tried. Because the effect of the court's order was to dismiss one, but not all, of the charges against defendant, we conclude that the prosecution's appeal was governed by C.A.R. 4(b)(3), not C.A.R. 4(b)(2). Consequently, the prosecution had to file its appeal within ten days of the date of the court's order reducing the charge. *See* C.A.R. 4(b)(3) (incorporating ex-

pedited procedures of C.A.R. 4.1, including ten-day limit for filing appeal).

Inasmuch as the prosecution's notice of appeal was filed thirty-eight days after that order, it was untimely. Accordingly, we lack jurisdiction to consider the merits of the prosecution's appeal.

In these circumstances, that the prosecution filed its notice of appeal only six days after successfully moving to dismiss the remaining charge is immaterial. *See People v. Donahue,* 750 P.2d 921, 922–23 (Colo.1988)(having failed to file interlocutory appeal within ten days, as required by C.A.R. 4.1, prosecution could not revive appeal by moving to dismiss case and thereafter filing appeal under C.A.R. 4(b)(2)).

Accordingly, the appeal is dismissed.

Judge ROY and Judge ROMÁN concur.