24CA0906 Peo v Blanchard 11-14-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0906
El Paso County District Court No. 24CR873
Honorable Monica J. Gomez, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Michael Blanchard,

Defendant-Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE GOMEZ
Dunn and Navarro, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 14, 2024

Michael J. Allen, District Attorney, Doyle Baker, Senior Deputy District
Attorney, Caroline James, Deputy District Attorney, Colorado Springs,
Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Natalie Fine, Deputy State
Public Defender, Colorado Springs, Colorado, for Defendant-Appellee

¶ 1    The prosecution appeals the district court's order dismissing its second degree assault – strangulation charge against Michael Blanchard following a preliminary hearing.  The prosecution contends that the court erred by not drawing all reasonable inferences in its favor in determining whether there was probable cause to support this charge.  We agree and conclude that the prosecution presented sufficient evidence at the preliminary hearing to establish probable cause.  Therefore, we reverse the district court's order and remand the case for reinstatement of the second degree assault – strangulation charge.

## I.    Background

¶ 2    The prosecution charged Blanchard with sexual assault, unlawful sexual contact, and second degree assault – strangulation following an incident with K.D., the alleged victim.

¶ 3    At the preliminary hearing, the prosecution presented the following evidence from an investigating detective regarding the strangulation charge:

- When responding officers arrived shortly after the incident, K.D.'s voice was hoarse.

1

- The officers had difficulty understanding K.D., so they used a notepad to communicate with her. She wrote on the notepad that she'd been "strangled."

- K.D. later said it wasn't, in her mind, a "strangulation."[1]

- Instead, K.D. explained, Blanchard had grabbed her face, making it difficult for her to breathe.[2]

- K.D. had urinated on herself, but she reported that it wasn't a result of strangulation.

- K.D. had bruising on her upper left arm and had other external bumps and bruises as well as internal injuries in her genital area. However, she didn't have any visible injuries to her neck.

---

[1] The district court presumed K.D. was thinking of strangulation "in laymen's terms," meaning by application of pressure to the neck. But the relevant provisions of the second degree assault statute apply when someone restricts another person's breathing either by "applying . . . pressure to the neck" or by "blocking the nose or mouth." § 18-3-203(1)(i), C.R.S. 2024. Thus, it was irrelevant whether K.D. believed she'd suffered a "strangulation" as a layperson might understand that word.

[2] At one point, the detective said he didn't recall K.D. saying Blanchard had prevented her from being able to breathe. But where, as here, the testimony is potentially conflicting, we construe it in the light most favorable to the prosecution. *See People v. Collins*, 32 P.3d 636, 640 (Colo. App. 2001).

- K.D. didn't lose consciousness during the incident.

¶ 4     After the hearing, the district court dismissed the second degree assault – strangulation charge, reasoning that the prosecution hadn't offered any evidence that K.D. had suffered bodily injury from the alleged blocking of her nose or mouth. The court bound the other two charges over for trial. The prosecution brought this appeal under section 16-12-102(1), C.R.S. 2024.

## II.     Legal Standards and Standard of Review

¶ 5     A preliminary hearing is a screening device used to determine whether there is probable cause to support a charge that the defendant committed a particular crime. *People v. Treat*, 568 P.2d 473, 474 (Colo. 1977). To establish probable cause, the prosecution must "present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime." *People v. Collins*, 32 P.3d 636, 639 (Colo. App. 2001). In determining whether the prosecution has met its burden, a court views all the evidence and draws all reasonable inferences in the prosecution's favor. *People v. Hodge*, 2018 COA 155, ¶ 10; *Collins*, 32 P.3d at 640.

¶ 6    We will uphold a district court's probable cause ruling absent a showing that the court abused its discretion.  *Hodge*, ¶ 11.  A court abuses its discretion if its ruling is manifestly arbitrary, unreasonable, or unfair or is based on an erroneous view of the law.  *People v. Rieger*, 2019 COA 14, ¶ 7.

## III.  Discussion

¶ 7    As relevant here, a person commits second degree assault if,

> [w]ith the intent to cause bodily injury, [the person] applies sufficient pressure to impede or restrict the breathing or circulation of the blood of another person by applying such pressure to the neck or by blocking the nose or mouth of the other person *and thereby causes bodily injury*.

§ 18-3-203(1)(i) (emphasis added).  The General Assembly has defined "bodily injury" to mean "physical pain, illness, or any impairment of physical or mental condition."  § 18-1-901(3)(c), C.R.S. 2024.  Thus, bodily injury requires "at least some physical pain, illness or physical or mental impairment, however slight."  *People v. Black*, 2020 COA 136, ¶ 35 (quoting *People v. Hines*, 572 P.2d 467, 470 (Colo. 1977)).  *See generally People v. Lee*, 2020 CO 81, ¶ 21 (Section 18-3-203(1)(i) "requires proof of bodily injury due to strangulation.").

¶ 8    When recounting the evidence presented at the preliminary hearing, the court acknowledged that K.D.'s voice was hoarse after the incident and that officers had to use a notepad to communicate with her. The court also acknowledged that she had urinated on herself, though she'd said it wasn't from strangulation. And the court noted that she had bruising on her upper left arm and other external bumps and bruises. Nonetheless, the court concluded that there was no "connection between the bodily injury sustained and any alleged blocking of her nose or mouth" because none of the injuries described at the hearing were to her face or neck.

¶ 9    We conclude that the district court erred. Considering all the evidence from the preliminary hearing and drawing all reasonable inferences from that evidence in the prosecution's favor, there is probable cause to support the bodily injury element of second degree assault – strangulation. *See People v. Jensen*, 765 P.2d 1028, 1031 (Colo. 1988) (reversing the dismissal of a charge where

the district court failed to draw all reasonable inferences from the evidence at the preliminary hearing in favor of the prosecution).[3]

¶ 10    While there was no discussion of the cause of K.D.'s hoarseness, it's reasonable to infer that it resulted from the alleged strangulation and signified an injury to her throat.  *See* Kayte Geist, *Applying Pressure: Improving Enforcement of Strangulation Laws*, 55 U. Tol. L. Rev. 51, 54 (2023) ("Common non-visible injuries [from strangulation] include . . . hoarseness or loss of voice . . . ."); Roberta J. Dunn, Kunal Sukhija, & Richard A. Lopez, *Strangulation Injuries*, Nat'l Libr. of Med. (database updated Apr. 2023), https://perma.cc/MVE8-U8XT ("Hoarseness" is a "'hard sign' of strangulation.").

¶ 11    Moreover, while K.D. reported that her urination on herself hadn't been the result of strangulation, incontinence is a common neurological injury resulting from strangulation.  *See* Geist, 55 U. Tol. L. Rev. at 54 ("When visible injuries [of strangulation] do

[3] The parties seem to disagree whether impeding or restricting someone's ability to breathe is alone sufficient to establish the bodily injury element of the offense or whether some separate evidence of bodily injury is required.  We needn't resolve that issue because even if some separate evidence of bodily injury is required, there was sufficient evidence of such injury.

present, these include . . . incontinence . . . ."); Dunn et al. ("Incontinence" is a neurologic sign of strangulation.). K.D. may not have known whether her incontinence was related to the alleged strangulation. And, at any rate, she'd also said that she didn't think what she'd allegedly suffered was "strangulation," so the fact that she said her incontinence wasn't due to strangulation may not have been particularly meaningful.

¶ 12 Finally, as the district court acknowledged, there was evidence that K.D. had suffered other visible injuries, including bruising on her upper left arm. While the court assumed that those injuries all related solely to the alleged sexual assault, it's reasonable to infer that some of them occurred during the alleged strangulation. And any physical pain, illness, or physical or mental impairment — regardless of how slight it may have been — would be sufficient to establish bodily injury. *See Black*, ¶ 35.

¶ 13 Accordingly, applying the correct standard, we conclude that the prosecution established probable cause for the bodily injury element of the second degree assault – strangulation charge. Therefore, we reverse the district court's order and remand the case with directions to reinstate that charge.

## IV.   Disposition

¶ 14     The order is reversed, and the case is remanded for the district court to reinstate the second degree assault – strangulation charge.

JUDGE DUNN and JUDGE NAVARRO concur.