The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Raymond T. MORGAN, Defendant–Appellee.

No. 80SA245.

Supreme Court of Colorado, En Banc.

Nov. 10, 1980.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff–appellant.

Marks & Olom, Jonathan L. Olom, Denver, for defendant–appellee.

HODGES, Chief Justice.

In this case, the People seek to bring an interlocutory appeal challenging certain determinations made by the district court during a hearing on a motion to clarify an earlier suppression ruling which had been affirmed on interlocutory appeal on February 25, 1980 in *People v. Morgan*, Colo., 606 P.2d 1296 (1980). We therein affirmed the district court's ruling suppressing "all evidence relating to ... [a] severed fingertip...." The case was then returned to the district court for further proceedings and trial.

This interlocutory appeal is not properly before this court and is therefore dismissed.

On May 8, 1980, defense counsel filed a motion in the district court captioned "Motion for Clarification of Suppression Order." The motion contained a list of eighteen evidentiary items, and defense counsel

sought to have the court rule as to which of the items were covered by the district court's earlier suppression ruling.

The transcript of the May 18, 1980 hearing on that motion reveals that the district court judge stated again and again that the proceeding was simply to clarify the earlier suppression order. There was no new suppression order issued in the course of this hearing.

Interlocutory appeals to this court in criminal cases are governed by the provisions of C.A.R. 4.1. The subject matter of such appeals is extremely narrow. Under the rule, interlocutory appeals may only be made by the State from adverse rulings by a district court to motions made pursuant to Crim.P. 41(e) (Motion for Return of Property and to Suppress Evidence), Crim.P. 41(g) (Suppression of Confession or Admission), and Crim.P. 41.1(i) (Court Order for Nontestimonial Identification: Motion to Suppress). This court has on several occasions dismissed interlocutory appeals because they did not fall within the limitations of these rules. *See People v. McNulty*, 173 Colo. 491, 480 P.2d 560 (1971); *People v. Thornburg*, 173 Colo. 230, 477 P.2d 372 (1970).

The only ruling of a district court to a Crim.P. 41(e), (g) or 41.1(i) motion in this case occurred on May 7, 1979. That ruling was the subject of the interlocutory appeal decided by this court on February 25, 1980. We have affirmed that ruling in the prior interlocutory appeal and a second interlocutory appeal on this same ruling is improper. Nor may the State challenge by interlocutory appeal the determinations of the district court on the motion to clarify since the State's objections do not involve adverse rulings under the specified rules of criminal procedure. *People v. Lott*, 197 Colo. 78, 589 P.2d 945 (1979); *People v. Fidler*, 175 Colo. 90, 485 P.2d 725 (1971); *People v. McNulty, supra; People v. Thornburg, supra.*

Appeal dismissed.