The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

James MacLEOD, Defendant–Appellee.

No. 05CA1586.

Colorado Court of Appeals, Div. VI.

Sept. 7, 2006.

Certiorari Granted March 26, 2007.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

Carol Chambers, District Attorney, Bryan Garrett, Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellant.

Springer and Steinberg, P.C., Michael P. Zwiebel, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge VOGT.

The People bring this appeal pursuant to § 16–12–102(1), C.R.S.2005, contending that the trial court erred in admitting certain evidence notwithstanding the failure of defendant, James MacLeod, to comply with the procedural requirements of the rape shield statute, § 18–3–407, C.R.S.2005. We disagree and, therefore, approve the court's ruling.

## I.

Defendant was charged with multiple counts of sexual assault and related offenses, all arising out of his alleged sexual abuse of his daughter. He was ultimately found not guilty of the two counts—sexual assault on a child and sexual assault on a child by one in a position of trust—that went to the jury.

Before trial, the People filed a notice of intent to introduce hearsay statements made by the daughter to her mother and to other individuals. At a pretrial motions hearing, the mother testified that her daughter had told her that defendant had sexually assaulted her. On cross-examination, the mother testified that she had previously told her daughter that she herself had been molested, that she had made a "bad decision" by not disclosing that fact to anyone, and that she wanted the daughter "not to be put in the same position that I was."

During his opening statement at trial, some six months after the motions hearing, defense counsel told the jury they would hear evidence that the daughter had never said anything about sexual abuse to her mother, even though the mother had previously told her about her own prior sexual abuse and urged the daughter not to make the mistake of failing to tell anyone about it. The prosecutor objected, citing the rape shield statute, but the trial court overruled the objection.

Before defendant's cross-examination of the daughter, the prosecutor again objected to any testimony about the mother's prior molestation. He pointed out that defendant

had never filed a rape shield motion, as required under the statute. Defendant responded that the rape shield statute was inapplicable to his line of questioning, which was intended to discredit the daughter's testimony by showing that she had never reported any sexual abuse even after being encouraged by her mother to do so. The court ruled that the evidence would be admitted, stating:

> [T]he case law ... says that the purpose [of the rape shield statute] is to [provide] protection from humiliating and embarrassing public fishing expeditions into past sexual conduct. The Court agrees with [defense counsel] that in this case it doesn't even matter whether it occurred. The only issue is whether the daughter was told it occurred, whether the daughter was encouraged to report and had that knowledge, and that is very relevant to this case and the Court will allow it.

Both the daughter and the mother subsequently testified regarding the mother's statement to the daughter, but there was no testimony regarding the specifics of the molestation to which the mother referred in her statement.

## II.

We conclude that the trial court properly admitted the testimony even though defendant did not comply with the procedures of the rape shield statute.

### A.

Section 18–3–407(1), C.R.S.2005, states that, subject to exceptions not applicable here, evidence of "specific instances of the victim's or a witness's prior or subsequent sexual conduct, opinion evidence of the victim's or a witness's sexual conduct, and reputation evidence of the victim's or a witness's sexual conduct" is "presumed to be irrelevant." Such evidence may be admitted only if the procedural requirements set forth in § 18–3–407(2), C.R.S.2005—including submission of a written motion and accompanying affidavit at least thirty days prior to trial—are met and the court finds the evidence to be relevant.

"The basic purpose of the Rape Shield Statute is to provide rape and sexual assault victims greater protection from humiliating 'fishing expeditions' into their past sexual conduct, unless a showing is made that the evidence would be relevant to some issue in the case." *People v. Murphy*, 919 P.2d 191, 194 (Colo.1996) (citing *People v. McKenna*, 196 Colo. 367, 371, 585 P.2d 275, 278 (1978)). The statute "strikes a balance between the defendant's rights and the victim's privacy interest by conditioning admission of evidence of the victim's sexual history on the defendant's preliminary showing that such evidence is relevant and material to the case." *People v. Harris*, 43 P.3d 221, 226 (Colo.2002).

Colorado cases have held that the term "sexual conduct" as used in § 18–3–407(1) includes a rape victim's prior sexual victimization or abuse. *See People v. Melillo*, 25 P.3d 769 (Colo.2001); *People v. Kyle*, 111 P.3d 491 (Colo.App.2004); *People v. Mata*, 56 P.3d 1169 (Colo.App.2002); *People v. Aldrich*, 849 P.2d 821 (Colo.App.1992). Including the victim's prior sexual victimization within the scope of the rape shield statute is consistent with the statute's purpose of ensuring that victims of sexual assaults not be subjected to psychological or emotional abuse in court as the price of their cooperation in prosecuting sex offenders. *See People v. Aldrich, supra*.

We have found no case applying the rape shield statute to exclude evidence of prior sexual victimization of a testifying witness who was not the victim of the charged offenses. However, we recognize that, as the People point out, § 18–3–407(1) by its terms refers to evidence of the victim's "or a witness's" sexual conduct. Therefore, we will assume that evidence of prior sexual victimization of a non-victim witness could fall within the purview of the rape shield statute. We nevertheless conclude that the trial court here did not err in admitting the challenged testimony.

### B.

Cases from this court and the supreme court have recognized that otherwise rele-

vant evidence is not necessarily inadmissible because of a failure to comply with the rape shield statute procedures, even if the evidence could be construed as referring to prior sexual conduct or a prior sexual assault. In *People v. Hawkins*, 728 P.2d 385, 388 (Colo.App.1986), a division of this court held that noncompliance with the procedural requirements of the rape shield statute did not require exclusion of evidence concerning a prior assault on the victim by her uncle. The division stated:

> [T]he evidence of the prior assault was offered to explain why the victim delayed in reporting defendant's conduct. Her prior allegation concerning an assault by her uncle had been disbelieved by her parents and she was punished for speaking out. This evidence was relevant for the purposes for which it was offered, and we find no indication that the General Assembly intended the rape shield statute to apply to exclude it.

*See also People v. Cobb*, 962 P.2d 944, 951 (Colo.1998) (holding that evidence regarding sexual assault victim's prior conduct, relevant to defense theory, was not inadmissible under rape shield statute, and stating: "While the jury conceivably might have inferred that [the victim] was engaged in an act of prostitution, evidence does not become inadmissible under either Rule 404(b) or the rape shield statute simply because it might indirectly cause the finder of fact to make an inference concerning the victim's prior sexual conduct."); *People v. Golden*, 140 P.3d 1 (Colo.App.2005)(evidence that victim was in a "committed romantic relationship" at time of alleged offense should not have been excluded under rape shield statute, where inquiry into that conduct would not have subjected victim to fishing expedition into her past sexual conduct but, rather, would have called into question her credibility and her possible motive for telling her roommates that she had been sexually assaulted).

Consistent with these cases, courts in other states with similar rape shield statutes have held that their statutes do not bar all evidence relating to sexual conduct, particularly where the evidence consists simply of a statement about prior sexual activity or where it is not offered to show that the prior sexual activity in fact occurred. *See People v. Grano*, 286 Ill.App.3d 278, 221 Ill.Dec. 727, 676 N.E.2d 248 (1996) (construing state's rape shield law as intended to exclude actual sexual history of complainant, not complainant's prior accusations of sexual misconduct toward her by other men, and holding that defense counsel should have been permitted to introduce evidence of her accusations to impeach her credibility); *People v. Jovanovic*, 263 A.D.2d 182, 700 N.Y.S.2d 156 (1999)(noting distinction between evidence of sexual conduct and evidence of statements concerning past or contemplated sexual conduct for purposes of rape shield laws, and holding that trial court erred in excluding evidence of complainant's e-mails that was not offered to undermine complainant's character but to show the parties' state of mind on issue of consent); *State v. Durham*, 74 N.C.App. 159, 327 S.E.2d 920 (1985)(child's statement that her father had abused her was not excluded by rape shield statute, which applied to evidence of sexual behavior but not to evidence of language or conversation on the topic); *Cairns v. Commonwealth*, 40 Va.App. 271, 579 S.E.2d 340 (2003)(victim's journals detailing her sexual encounters should have been admitted where they were offered to impeach victim's trial testimony and not to prove the kind of sexual conduct inadmissible under the rape shield statute); *State v. Vonesh*, 135 Wis.2d 477, 401 N.W.2d 170 (App.1986) (notes written by victim were not barred by rape shield statute, because act of writing about sexual activities is not itself sexual conduct).

Under these authorities, the trial court here properly concluded that the rape shield statute did not bar evidence of the mother's statement to her daughter about her own prior sexual molestation. The evidence consisted simply of the mother's own statement that such molestation had taken place, and no details whatever were elicited regarding the sexual molestation itself. The fact that the mother had made the statement about sexual molestation to her daughter was unquestionably relevant to the defense theory, which was that the daughter had falsely accused her father because she knew the issue was a "hot point" with her mother and

might get her mother to agree to allow the daughter to live with her rather than with the father. Whether the molestation of the mother actually happened was, as the trial court noted, irrelevant, and the evidence was not offered to show that it had in fact happened.

As in *People v. Golden, supra,* the evidence went to the victim's motive for claiming that she had been sexually assaulted, and—especially given its lack of specificity—did not implicate the concerns underlying the rape shield statute about protecting sexual assault victims from humiliating "fishing expeditions" into their past sexual conduct. *See People v. Murphy, supra; cf. People v. Kyle, supra* (marginal relevance of prior assault was outweighed by humiliation and psychological abuse the victim would suffer if it were admitted).

■ We do not agree with the People that they were disadvantaged by the trial court's failure to require compliance with the procedural requirements of § 18–3–407(2) before admitting the evidence. The purpose of these procedural provisions is to permit the court to determine the relevance of the evidence, to protect the victim from harassment or humiliation, and to serve "the state's legitimate interests in preventing surprise at trial and undue delay." *People v. Aldrich, supra,* 849 P.2d at 824. Here, as noted, the first two of those three concerns are not implicated; there is nothing to indicate that introduction of the evidence without compliance with the statutory procedures caused any "undue delay" in the proceedings; and the fact that the prosecution had heard the substance of the challenged testimony months before trial belies any contention that it was surprised at trial.

■ Finally, we do not agree with the People that the statement was the type of "opinion and reputation" evidence of sexual conduct that is barred under § 18–3–407(1). No witness "opined" that the mother had been sexually assaulted, and there was no

testimony whatever regarding her reputation in regard to sexual conduct.

Thus, the trial court did not err in admitting evidence of the mother's statements.

The ruling is approved.

Judge ROMÁN and Judge ROVIRA *, concur.