The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Mark Joseph GABRIESHESKI,
Defendant–Appellee.

No. 07CA1016.

Colorado Court of Appeals,
Div. IV.

Sept. 4, 2008.

Rehearing Denied Oct. 16, 2008.

John R. Newsome, District Attorney, Doyle Baker, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

McClintock & McClintock, P.C., Theodore P. McClintock, Elizabeth A. McClintock, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge VOGT.

The People appeal the trial court order dismissing all charges against defendant, Mark Joseph Gabriesheski. We affirm.

Defendant was charged with two counts of sexual assault on a child by one in a position of trust and one count of sexual assault on a child by one in a position of trust as part of a pattern of abuse. The alleged victim, T.W., is defendant's stepdaughter. T.W. is also the subject of a dependency and neglect (D & N) case in which T.W.'s mother is the respondent and defendant is a special respondent.

After defendant was charged, T.W. recanted her allegations. The prosecution subsequently endorsed the guardian ad litem (GAL) and the social worker from the D & N case as witnesses in this case. The witnesses were to testify, based on statements made by T.W. to the GAL and statements made by T.W.'s mother to the social worker, regarding the reasons why T.W. was recanting her initial allegations.

Some weeks before trial, at a hearing to determine whether defense counsel would have access to the GAL's file, counsel advised the court and the prosecutor that he would be moving in limine to preclude testimony by the GAL at trial.

On the morning of trial, defendant asked the court to preclude testimony by the GAL, the social worker, and an expert endorsed by the prosecution. Defendant pointed out that there was a protective order in effect in the D & N case, that the conversations to which the endorsed witnesses would testify were confidential, and that neither T.W. nor her mother had waived that confidentiality or consented to the testimony. After hearing argument, the trial court ruled that testimony by the social worker without the mother's consent was barred under section 19–3–207(2), C.R.S.2007, and that, under Colorado Chief Justice Directive (CJD) 04–06 and Colo. RPC 1.6, the GAL could not testify if T.W. was unwilling to consent to the testimony. The court did, however, rule that the prosecution's expert would be allowed to testify.

Following a recess, the prosecutor advised the court that, in light of the in limine ruling, the People could not go forward. She stated that she "underst[ood] that the Court may dismiss for failure to prosecute." Defendant asked that the case be dismissed with prejudice, but otherwise did not object to dismissal. The court did not agree to defendant's request, but simply ordered that the case "be dismissed for failure to prosecute" based on the prosecutor's stated inability to proceed. The prosecution then brought this appeal.

I.

As an initial matter, we reject defendant's contention that we lack jurisdiction to entertain the appeal.

The People are challenging an evidentiary ruling that, they claim, adversely affected their ability to prosecute this case. The supreme court has repeatedly stated that a petition to that court pursuant to C.A.R. 21 is the appropriate remedy for the People where a trial court ruling "may have a significant impact on" their ability to litigate the merits of the case. *People v. C.V.*, 64 P.3d 272, 274 (Colo.2003); *People v. Casias*, 59 P.3d 853, 856 (Colo.2002); *People v. Braunthal*, 31 P.3d 167, 172 (Colo.2001). Indeed, that was the remedy initially sought by the prosecution in *People v. Daley*, 97 P.3d 295, 296 (Colo.App.2004), on which the People rely here.

Rather than pursuing that remedy in this case, the prosecution sought and received a dismissal of the charges, and then brought an appeal in this court pursuant to section 16–12–102(1), C.R.S.2007. That statute permits the prosecution to appeal "any decision of a court in a criminal case upon any question of

law," and provides that any court order dismissing one or more counts of a charging document prior to trial "shall constitute a final order that shall be immediately appealable pursuant to this subsection (1)."

If the prosecution's appeal is authorized by section 16–12–102(1), we may not dismiss the appeal as without precedential value, and we must issue a written decision addressing the issues presented. C.A.R. 4(b)(2); *People v. Welsh,* 176 P.3d 781, 791 (Colo.App.2007); *People v. Victorian,* 165 P.3d 890, 894–95 (Colo.App.2007).

■ We conclude that the prosecution's appeal is authorized under section 16–12–102(1). The statute makes an order dismissing all charges before trial a final appealable order. Further, evidentiary rulings may constitute "questions of law" appealable under section 16–12–102(1) if the trial court made the rulings based on an assertedly erroneous interpretation of the law. *Welsh,* 176 P.3d at 791; *see also People v. Miller,* 97 P.3d 171, 172 (Colo.App.2003); *People v. Richardson,* 58 P.3d 1039, 1048 (Colo.App. 2002); *People v. Collins,* 32 P.3d 636, 639 (Colo.App.2001).

■ We do not agree with defendant's contention that, because the "nature of the [People's] claims ... is that the trial court incorrectly suppressed evidence," the prosecution was required to file an interlocutory appeal in the supreme court pursuant to section 16–12–102(2), C.R.S.2007. The supreme court has made it clear that invoking its interlocutory jurisdiction to review suppression rulings is "proper only when the ruling in question is made pursuant to Crim. P. 41(e) and (g) and Crim. P. 41.1(i), namely where evidence arises from an unlawful search and seizure, an involuntary confession or admission, or an improper non-testimonial identification." *Casias,* 59 P.3d at 855; *see also Braunthal,* 31 P.3d at 171; *People v. Morgan,* 619 P.2d 64, 65 (Colo.1980). The rulings at issue here do not fall within the "extremely narrow" scope of interlocutory appeals to the supreme court from trial court rulings suppressing evidence. *Morgan,* 619 P.2d at 65.

Defendant also argues that, notwithstanding the prosecutor's statement to the trial court, the prosecution could have proceeded to trial without the testimony of the GAL or the social worker. He points out that the prosecution could have presented T.W.'s original videotaped accusations, statements by her sister, and testimony from its expert witness regarding why victims of sexual abuse recant their accusations. We agree that the record suggests that the prosecution could in fact have proceeded. Nevertheless, the prosecutor's statement to the contrary was accepted by the trial court, with no objection by defendant; and the subsequent dismissal of the charges brought the matter within the scope of section 16–12–102(1). *See Daley,* 97 P.3d at 298.

Finally, we do not agree with defendant that the procedure followed by the prosecution here violates his rights under Crim. P. 7(c) or rises to the level of a due process violation.

Accordingly, we will address the merits of the prosecution's appeal.

## II.

■ The People contend the trial court erred in concluding that section 19–3–207(2) barred the social worker's testimony. We disagree.

Section 19–3–207(2) states, in relevant part:

No professional shall be examined in any criminal case without the consent of the respondent [in the D & N proceeding] as to statements made pursuant to compliance with court treatment orders, including protective orders, entered under this article; except that such privilege shall not apply to any discussion of any future misconduct or of any other past misconduct unrelated to the allegations involved in the treatment plan.

Under the plain language of section 19–3–207(2), statements made by respondents to treating professionals in D & N proceedings are "not admissible ... for any purpose" in criminal cases related to the conduct that led to the D & N proceeding. *People in Interest of I.L.,* 176 P.3d 878, 879 (Colo.App.2007).

The People contend on appeal that the social worker's testimony "concerned misconduct unrelated to the allegations of sexual abuse in [T.W.'s] dependency and neglect treatment plan," and therefore fell within the statutory exception for "discussion of any future misconduct or of any other past misconduct unrelated to the allegations involved in the treatment plan." The prosecution did not expressly cite this statutory exception in the trial court. Nevertheless, even assuming the contention is properly before us for review, we find no grounds for reversal.

Although the D & N case is not included in the record before us, the People state in their brief on appeal that "the gravamen of the dependency and neglect case was the allegation that defendant sexually abused [T.W.]." In the trial court, the prosecutor stated that the social worker would testify as follows:

> The only information that I would be asking [the social worker] to testify about would be about the conversation that she had with [the mother] back in September where [the mother] ... told her that [T.W.] had made up the allegations to get back at [the mother] and the defendant and that she had had a long talk with [T.W.] and based on that talk, [T.W.] admitted that she had made up these allegations and that she wanted [the social worker] to sit down and talk with her.

We perceive no basis for concluding that the social worker's testimony could be characterized as "unrelated" to the allegations involved in the treatment plan in the D & N case. On the contrary, the testimony went directly to the veracity of those allegations. Additionally, to the extent the People continue to rely on the prosecutor's theory in the trial court that T.W. would be "committing perjury" if she were to testify that the sexual abuse did not occur, we reject that theory as insufficient to bring the social worker's testimony within the statutory exception for discussions of "any future misconduct."

It is undisputed that T.W.'s mother was the respondent in the D & N case, and it is undisputed that she did not consent to examination of the social worker in this criminal case. Thus, the proffered testimony fell squarely within section 19–3–207(2), and, because the statutory exceptions were not shown to apply, the trial court did not err in relying on that section to preclude the social worker's testimony.

We note that defendant argued in the trial court that the social worker's testimony would also be barred under section 13–90–107(1)(g), C.R.S.2007, which states:

> A ... social worker ... shall not be examined without the consent of [the] client as to any communication made by the client ... in the course of professional employment; ... nor shall any person who has participated in any psychotherapy, conducted under the supervision of a person authorized by law to conduct such therapy, including but not limited to group therapy sessions, be examined concerning any knowledge gained during the course of such therapy without the consent of the person to whom the testimony sought relates.

Although the trial court did not address the applicability of this statute, it further supports the court's conclusion that the social worker could not be called to testify without the consent of T.W. or her mother.

### III.

Nor do we agree with the People that the trial court erred in excluding, based on the attorney-client privilege, testimony by the GAL regarding communications made to her by her client, T.W.

Section 19–1–111(1), C.R.S.2007, requires courts to appoint a guardian ad litem for the child in all D & N cases. Section 19–1–111(6), C.R.S.2007, requires persons appointed as GALs to comply with chief justice directives "concerning the duties or responsibilities of guardians ad litem in legal matters affecting children."

CJD 04–06 addresses the duties of attorneys appointed as GALs. As relevant here, the CJD states: "All attorneys appointed as a GAL ... shall be subject to all of the rules and standards of the legal profession, including the additional responsibilities set forth by [Colo. RPC] 1.14." CJD 04–06 § V(B).

The pre–2008 version of Colo. RPC 1.14, which is referenced in the chief justice directive, addresses representation of clients "under a disability," which includes representation of minors. The rule requires the lawyer to maintain "as far as reasonably possible . . . a normal client-lawyer relationship with the client," Colo. RPC 1.14(a), and permits the lawyer to take protective action with respect to the client "only when the lawyer reasonably believes that the client cannot act in the client's own interest." Colo. RPC 1.14(c).

Among the additional "rules and standards of the legal profession" to which an attorney-GAL is subject pursuant to the chief justice directive is Colo. RPC 1.6. That rule, in the pre–2008 version applicable here, states that a lawyer "shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) [permitting lawyer to reveal client's intention to commit a crime] and (c) [permitting lawyer to reveal information in controversy between lawyer and client]." Colo. RPC 1.6(a).

■ Approximately three weeks before trial in this case, the trial court entered an order finding that T.W. was the GAL's client; that the GAL had an obligation under Colo. RPC 1.6 to maintain the confidentiality of her communications with T.W.; that her communications with T.W. were privileged under section 13–90–107, C.R.S.2007; and that the GAL was prohibited from divulging any client communication unless T.W. waived the privilege. The People did not seek review of that order. However, when defendant made his motion in limine on the morning of trial, the prosecutor argued that the GAL could testify because there was "no attorney-client relationship" between her and the child. According to the prosecutor, the GAL was appointed to represent the child's best interests, not the child. The trial court ruled that, in representing the child's best interests, the GAL was also representing the child, and thus, under CJD 04–06 and Colo. RPC 1.6, was precluded from divulging T.W.'s communications to her in the absence of a waiver by T.W. We find no error in that ruling.

In arguing for a contrary conclusion on appeal, the People cite a 2002 article from The Colorado Lawyer in which the author opined that GALs should be allowed to "bend the restrictions of Colo. RPC 1.6 to allow the GAL to disclose to the court relevant and necessary information provided by the child." *See* Jennifer Renne, *Ethical Issues for Guardians Ad Litem Representing Children in Dependency and Neglect Cases,* 31 Colo. Law. 43, 44 (Oct. 2002). However, the author of the article relied on CJD 97–02, which has since been repealed, and she observed that Colorado had not decided whether a GAL should be excused from strict adherence to the rules of professional conduct, as some jurisdictions had decided to do. *Id.* That issue has now been resolved by CJD 04–06, which, as noted, expressly provides that attorneys appointed as GALs are subject to "all of the rules and standards of the legal profession."

Finally, although Colo. RPC 1.6 and 1.14 permit a lawyer to reveal client communications in certain limited circumstances, the prosecutor did not offer testimony by the GAL or other evidence to establish that any of those exceptions applied and permitted the GAL to disclose T.W.'s communications without T.W.'s consent.

The order is affirmed.

Judge TERRY and Judge LICHTENSTEIN concur.