**H.B. and P.B., Petitioners,**

v.

**The LAKE COUNTY DISTRICT COURT, the Honorable Richard H. Hart, one of the Judges thereof, and Peter F. Michaelson, District Attorney, Respondents.**

**No. 91SA258.**

Supreme Court of Colorado,
En Banc.

Nov. 4, 1991.

Smollen & Rockwell, Lindasue Smollen, Boulder, for petitioners.

John W. Dunn, Vail, for respondent Dist. Court.

Peter F. Michaelson, Dist. Atty., Lindsey S. Topper, Deputy Dist. Atty., Leadville, for respondent Dist. Atty.

Chief Justice ROVIRA delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, the petitioners seek relief in the nature of prohibition to require the district court to dismiss a dependency and neglect proceeding and termination of parental rights proceeding for lack of jurisdiction or authority to prosecute.[1] In the trial court the petitioner had filed a motion to dismiss or in the alternative to disqualify the district attorney's office from acting as a special county attorney in a dependency and neglect and termination of parental rights proceeding. The trial court denied the motion to dismiss and held that the district attorney was qualified to act as a special county attorney in such proceedings. We issued a rule to show cause and now make

---

1. Petitioners do not set forth grounds for dismissal for lack of jurisdiction, nor did they do so at the trial court. We therefore discharge the rule with respect to this issue.

the rule absolute in part and discharge in part.

## I

In November 1989, the Lake County Department of Social Services (Department), by and through the district attorney,[2] filed a petition in dependency and neglect against H.B. and P.B., who are the parents of the children involved in this case. The children were adjudicated dependent and neglected based on admissions made by their parents to some of the allegations in the petition.

Following the adjudication of dependency and neglect, a motion to terminate parental rights was filed by the Department. The motion alleged that an effective treatment plan for the family could not be devised because the parents refused to admit to the remaining allegations in the dependency and neglect petition.

The parents moved to dismiss or in the alternative to disqualify the district attorney for lack of authority to prosecute, claiming the district attorney had no authority to prosecute article 3 proceedings under title 19, article 3 of the Colorado Children's Code (the Code). § 19-3-206, 8B C.R.S. (1991 Supp.).[3] The trial court denied the motion. Further proceedings were stayed pending the outcome of the parents' petition for review by this court.

The question before us is whether the district attorney has authority to represent the Department in article 3 proceedings, following the 1987 repeal and reenactment of substantive provisions of the Colorado Children's Code.

## II

### A

The Code, title 19, 8B C.R.S. (1986), provides a comprehensive scheme for protection of abused and neglected children. The General Assembly has declared that the purpose of the Code is to secure care and guidance for children, preferably in their own home, which will best serve the child's welfare and the interests of society. § 19-1-102(1)(a), 8B C.R.S. (1991 Supp.). Strengthening family ties was one purpose for adopting the Code. *People v. District Court*, 731 P.2d 652, 654 (Colo.1987).[4] In order to secure care and guidance for dependent and neglected children in their own homes, it is necessary to correct the problems leading to the dependency and neglect. Family treatment plans are implemented in an attempt to correct parental misconduct, furthering the legislative purpose of protecting children and strengthening family ties.

Once a child has been adjudicated dependent and neglected, the court shall approve an appropriate treatment plan which is reasonably calculated to render the parent fit to provide adequate parenting to the child within a reasonable time. §§ 19-3-111(1)(e)(I) and (II), 8B C.R.S. (1986); *People v. District Court*, 731 P.2d at 655. There can be no doubt that the legislative goal is to secure adequate care and protection of children, in their own homes when possible, and this goal is accomplished by reuniting the family through appropriate treatment plans.

### B

The parents contend that the district attorney is without authority to prosecute article 3 proceedings after the adoption in 1987 of section 19-3-206, 8B C.R.S. (1991 Supp.). This section of the Code provides that in all proceedings brought under article 3, which includes dependency and neglect proceedings, "the petitioner shall be represented by a county attorney, special county attorney, or city attorney of a city

---

**2.** The respondent, Peter F. Michaelson, is the district attorney for the Fifth Judicial District. Lake County is located in the Fifth Judicial District.

**3.** Substantial provisions in the Colorado Children's Code were repealed and reenacted in 1987. Article 3 of the Colorado Children's Code concerns all dependency and neglect matters, including proceedings terminating the parent-child relationship.

**4.** *See* § 19-1-102, 8B C.R.S. (1991 Supp.), for the legislative purposes of the Colorado Children's Code.

and county." Section 19–3–206 is similar to section 19–1–106 as it existed prior to the 1987 repeal and reenactment of this title.

Section 19–1–106(3), 8B C.R.S. (1986), stated: "Upon the request of the court, the district attorney shall represent the state in the interest of the child in any proceeding brought under ... section 19–1–104(2)." Section 19–1–104(2), 8B C.R.S. (1986), applies to one "[w]ho abuses, ill-treats, neglects, or abandons a child who comes within the court's jurisdiction under other provisions of this section." The parents assert that since section 19–3–206 specifically excludes the district attorney from those authorized to represent the Department in article 3 proceedings, he is without authority to represent the Department.

The respondent district attorney argues that he fits within the provisions of section 19–3–206 as a special county attorney because he was appointed by the county attorney to act as special county attorney. Special county attorney is defined as "an attorney hired by a county attorney or city attorney ... or hired by a county department of social services with the concurrence of the county attorney or city attorney ... to prosecute dependency and neglect cases." § 19–3–101, 8B C.R.S. (1991 Supp.). Reviewing section 19–3–206 in isolation supports the district attorney's position. However, we must consider section 19–3–207, 8B C.R.S. (1991 Supp.), adopted in 1987 along with section 19–3–206.

Pursuant to section 19–3–207, a special county attorney may request a protective order precluding the district attorney from using information obtained in preparation of treatment plans. Section 19–3–207, 8B C.R.S. (1991 Supp.), states:

> Upon the request of the county attorney, *special county attorney,* or the city attorney ..., the court shall set a hearing to determine the admissibility in a subsequent criminal proceeding arising from the same episode of information derived directly from testimony obtained pursuant to compulsory process in a proceeding under this article. The *district attorney* of the judicial district in which

the matter is being heard shall be given five days' written notice of the hearing by the clerk of the court ..., and the *district attorney shall have the right to ... object to the entry of the order holding such information inadmissible.* The court shall not enter such an order if the district attorney presents prima facie evidence that the inadmissibility of such information would substantially impair his ability to prosecute the criminal case....

(Emphasis added.)

This section prevents the district attorney from using information obtained in a dependency and neglect proceeding unless the district attorney can show that the ability to prosecute the criminal case will be substantially impaired. Parental admissions may thus be held inadmissible in a subsequent criminal proceeding, and parents are protected when admitting to allegations in article 3 proceedings. This facilitates open communication, leading to well-developed treatment plans.

Development of appropriate treatment plans requires open and honest communication from parents. If parents fear criminal prosecution due to their admissions, appropriate treatment plans cannot be developed. This fear may be alleviated by section 19–3–207, 8B C.R.S. (1991 Supp.), if the district attorney is not representing the Department in article 3 proceedings. The aura of privacy is maintained while one other than the district attorney is negotiating with the parents in article 3 proceedings. Where the parents are aware, however, that the same attorney hearing their admissions can prosecute them in a criminal proceeding, their fear of admitting allegations may not be alleviated by section 19–3–207. Parents may then believe that silence is their only protection against criminal prosecution, thus, treatment plans will be impeded, and this would be antagonistic towards the goal of the Code.

The parents concern is very real, as the district attorney has stated in his brief that "[a]t no time in the proceedings has the special county attorney ... waived the right of the People ... to criminally prose-

cute the [parents] for acts that serve as the factual allegations contained in the Petition in Dependency and Neglect and the Motion to Terminate Parental Rights."

We have previously held that the mandate for appropriate treatment plans "could not be given effect without assurance that abusive parents can speak freely [about their] abusive conduct...." *People v. District Court,* 731 P.2d 652, 658 (Colo.1987). In *People v. District Court,* this court upheld the district court's authority to issue protective orders prohibiting the district attorney and law enforcement officials from seeking to learn the content of communications made by parents during the course of court-ordered treatment plans. It was argued that the district court had no authority to restrain the police and the district attorney from investigating possible violations of criminal laws. *Id.* at 656. We held, however, that the district court did not abuse its discretion in determining that an appropriate treatment plan required confidentiality of communications and that counselling could not "succeed unless there existed an environment promoting open and free communication between the abusive parents and the counselors." *Id.* at 656–57.

The relevant statutes, sections 19–3–206 and 207, should "be read *in pari materia* since they are part of the same code and pertain to the same subject." *People in Interest of T.W.,* 797 P.2d 821, 822 (Colo. App.1990). Interpreting section 19–3–206 to allow the district attorney to represent the Department in article 3 proceedings would lead to the absurd result of having the district attorney, in his role of special county attorney, argue that information is inadmissible, and then object to his own arguments. Statutory construction leading to an absurd result will not be followed. *Ingram v. Cooper,* 698 P.2d 1314, 1315 (Colo.1985).

The respondent district attorney argues that possible conflicts resulting from having the same person or office function as the attorney prosecuting both the criminal case and the dependency and neglect case are addressed by having a hearing pursu-

ant to section 19–3–207. Although some conflicts may be addressed by holding certain evidence inadmissible, the direct conflict of having the special county attorney (district attorney) request that evidence be held inadmissible in a criminal proceeding and then objecting to his own request is not resolved.

In order to effectuate both sections 19–3–206 and 19–3–207, we conclude that the district attorney is not authorized to prosecute article 3 proceedings. Accordingly, the case is remanded with directions to order the recusal of the district attorney's office.

The rule to show cause is made absolute in part and discharged in part.