176 P.3d 878 (2007)
The PEOPLE of the State of Colorado,
In the Interest of I.L., a Child,
Upon the Petition of the El Pasco County Department of Human Services, Petitioner-Appellee, and
Conncerning R.L., Respondent-Appellant.
No. 07CA1066.
Colorado Court of Appeals, Div. V.
December 27, 2007.
Nancy J. Walker-Johnson, Monument, Colorado, Guardian Ad Litem,
Jay A. Lauer, County Attorney, Laura C. Rhyne, Deputy County Attorney, Colorado Springs, Colorado, for Petitioner-Appellee.
Davide C. Migliaccio, Colorado Springs, Colorado, for Respondent-Appellant.
Opinion by Judge GRAHAM.
R.L. (father) appeals from a dispositional decree entered after the child, I.L., was adjudicated dependent or neglected. We affirm.
The El Paso County Department of Human Services (department) became involved with the family after allegations of sexual abuse by father were made by his sixteen-year-old stepdaughter, A.L., and two of her friends. When the petition in dependency or neglect was filed, father was incarcerated on *879 three felony charges arising from the girls' allegations, and he was also awaiting disposition on a felony menacing charge involving another stepchild, M.L.
Father admitted that the child's environment was injurious to her welfare, and the child was adjudicated dependent or neglected. During the dispositional hearing, father objected to treatment plan provisions requiring him to participate in a sex offender evaluation and a domestic violence evaluation, asserting that they might be used against him in the criminal proceedings. The trial court found that the evaluations were appropriate and that any statements made by father to the evaluators, including those referenced in their written evaluations and those relating to the stepdaughter's friends, could not be used in the related criminal proceedings, except for purposes of impeachment or rebuttal.
Father contends that the treatment plan is inappropriate because statements made to the treating professionals could potentially be used against him in the criminal proceedings for the purposes of impeachment or rebuttal in contravention of his Fifth Amendment privilege against self-incrimination. Concluding that statements made to the treating professionals, including those incorporated into their written reports and evaluations, are not admissible in a criminal proceeding for any purpose, we reject father's contention.
The Fifth Amendment privilege against self-incrimination allows a party in a civil proceeding to refuse to answer a question if the answer may provide evidence of a crime. However, the state may compel the party to testify by substituting a grant of immunity that is coextensive with the protection afforded by the Fifth Amendment. People in Interest of E.W., 780 P.2d 32, 33 (Colo.App.1989).
Section 19-3-207, C.R.S.2007, provides that certain evidence concerning a respondent parent in a dependency and neglect proceeding may not be used in a criminal case related to the same conduct. As pertinent here, that statute provides:
(2) No professional shall be examined in any criminal case without the consent of the respondent [parent] as to statements made pursuant to compliance with court treatment orders . . . entered under [the dependency and neglect statutes]; except that such privilege shall not apply to any discussion of any future misconduct or of any other past misconduct unrelated to the allegations involved in the treatment plan . . .
. . .
(2) No admission made by a respondent [parent] in open court or by written pleading filed with the court to a petition in dependency or neglect may be used against him or her in any criminal prosecution, except for purposes of impeachment or rebuttal.
§ 19-3-207(2), (3), C.R.S.2007.
Section 19-3-207(2) facilitates open communication between a respondent parent and his or her treating professionals to assure a well-developed treatment plan, which requires open communication from the parent, See H.B. v. Lake County Dist. Court, 819 P.2d 499, 501 (Colo.1991); People v. Dist. Court, 731 P.2d 652, 656-57 (Colo.1987). Unlike section 19-3-207(3), it does not contain an exception allowing the use of statements made to those professionals in a criminal case for the purposes of impeachment or rebuttal. Thus, giving effect to the legislative intent and the plain language of the statute, see C.S. v. People in Interest of I.S., 83 P.3d 627, 634-35 (Colo.2004), we conclude that the exception set forth in subsection (3) does not apply to statements made to treating professionals pursuant to subsection (2).
Further, although a treating professional's written report or evaluation may be filed with the court or admitted into evidence in a dependency and neglect proceeding, such written documents are not "pleadings" subject to the exception set forth in subsection (3). See In re Estate of Jones, 704 P.2d 845, 847 (Colo.1985) ("Pleadings' are the formal allegations by the parties of their respective claims and defenses, and are intended to provide notice of what is to be expected at trial."); see also C.R.C.P. 7(a); C.R.J.P. 4.1. Thus, we conclude that a respondent *880 parent's statements incorporated into a written report of a treating professional are protected by the privilege set forth in section 19-3-207(2) and cannot be used for any purpose in a related criminal case.
Because any statements made by father in the course of the sex abuse and domestic violence evaluations are privileged, we conclude that his participation in the evaluations does not implicate his Fifth Amendment privilege against self-incrimination. See E.W., 780 P.2d at 33. Therefore, the treatment plan is not rendered inappropriate by their inclusion.
The order is affirmed.
Judge LOEB and Judge ROMAN concur.