24CA1335 Peo in Interest of MSH 02-27-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1335
Garfield County District Court No. 23JV30004
Honorable John F. Neiley, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of M.S.H. and A.M.H., Children,

and Concerning E.A.H.,

Appellant,

and

A.A.H.,

Appellee.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE KUHN
Welling and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 27, 2025

---

Heather Beattie, County Attorney, Bart Outzen, Assistant County Attorney, Glenwood Springs, Colorado, for Appellee the People of the State of Colorado

Cassandra Coleman, Counsel for Youth, Glenwood Springs, Colorado, for M.S.H

Cassandra Coleman, Guardian Ad Litem for A.M.H

Michael Kovaka, Office of Respondent Parents' Counsel, Littleton, Colorado, for Appellant

Kristofr P. Morgan, Office of Respondent Parents' Counsel, Colorado Springs, Colorado, for Appellee A.A.H.

¶ 1      In this dependency and neglect action, E.A.H. (mother) appeals the judgment adjudicating M.S.H. (the youth) and A.M.H. (the child) dependent and neglected.  We affirm.

## I.      Background

¶ 2      The Garfield County Department of Human Services filed a petition in dependency and neglect, alleging that both the child and the youth were subjected to sexual abuse.  Mother denied the allegations and requested an adjudicatory bench trial.  After a contested hearing, the juvenile court adjudicated the child and the youth dependent and neglected under section 19-3-102(1)(a) and (c), C.R.S. 2024.

## II.      Analysis

¶ 3      Mother contends that the juvenile court erred by delaying its entry of a protective order under section 19-3-207(1), C.R.S. 2024. Because we conclude that mother failed to preserve her objection, we discern no basis for reversal.

### A.      Applicable Law and Standard of Review

¶ 4      The Colorado Children's Code provides a number of protections designed to effectuate its mandate for the creation and adoption of appropriate treatment plans.  *See People v. Dist. Ct.,*

731 P.2d 652, 658 (Colo. 1987).  Among these protections, section 19-3-207(3) prevents a parent's formal admission to the allegations in the petition from being used against them in a criminal proceeding.  *See People v. Stroud*, 2014 COA 58, ¶ 26.  And section 19-3-207(2) creates a privilege that protects a respondent parent's statements made to professionals during court ordered treatment.  *See People in Interest of I.L.*, 176 P.3d 878, 879-80 (Colo. App. 2007).

¶ 5     Additionally, section 19-3-207(1) permits a county attorney, on behalf of a department, to "request a protective order precluding the district attorney from using information obtained in preparation of treatment plans."  *H.B. v. Lake Cnty. Dist. Ct.*, 819 P.2d 499, 501 (Colo. 1991); § 19-3-207(1).  If requested, the juvenile court must set a hearing and provide proper notice to the district attorney, who has the right to object to the entry of the protective order. § 19-3-207(1).

¶ 6     We review decisions surrounding protective orders for an abuse of discretion.  *See People in Interest of J.L.P.*, 870 P.2d 1252, 1259 (Colo. App. 1994).  A juvenile court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or

when it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

### B. Additional Background

¶ 7 Mother was criminally charged for the same underlying events alleged in the petition, and the Department moved for a special protective order pursuant to section 19-3-207(1). Initially, the required hearing for the protective order was set on the same day as the adjudicatory pretrial conference, but the notice to the district attorney was deficient. Neither mother nor her counsel appeared at the pretrial conference. The juvenile court reset the section 19-3-207(1) hearing for the morning of the adjudicatory trial, nineteen days later.

¶ 8 One week after the pretrial conference, mother moved to continue the adjudicatory trial until the resolution of her criminal matter. Mother didn't mention the pending section 19-3-207(1) protective order in her motion. Finding no good cause to continue the adjudicatory trial, the court denied the motion to continue.

¶ 9 Before the adjudicatory trial, the Department notified the court that the district attorney didn't object to the court entering the section 19-3-207(1) protective order. The juvenile court then

entered the requested protective order the day before the adjudicatory trial began.

¶ 10     Mother didn't appear at the adjudicatory trial and her counsel reported he didn't anticipate that mother would participate. Mother's counsel made no objection to proceeding with the evidentiary hearing in her absence.

## C.    Preservation

¶ 11     Mother now contends that the juvenile court erred by delaying entry of the section 19-3-207(1) protective order until the day before the adjudicatory trial. The Department asserts, and we agree, that mother has not properly preserved this issue for appellate review.

¶ 12     While "[w]e do not require that parties use 'talismanic language' to preserve particular arguments for appeal, . . . the trial court must be presented with an adequate opportunity to make findings of fact and conclusions of law on any issue before we will review it." *People v. Salas*, 2017 COA 63, ¶ 29 (quoting *People v. Melendez*, 102 P.3d 315, 322 (Colo. 2004)). An issue is unpreserved for review when, "among other things, (1) no objection or request was made in the trial court; or (2) an objection or request was made in the trial court, but on grounds different from those raised on

appeal or on unspecific grounds which would not have alerted the trial court to the issue of which the defendant now seeks review." *People v. Ujaama,* 2012 COA 36, ¶ 37 (citations omitted).

¶ 13    We disagree with mother's contention that her motion to continue preserved the issue. The motion to continue asserted that mother "cannot participate in any way in the [upcoming] adjudicatory trial" until the criminal matter is resolved. The motion didn't ask the juvenile court to facilitate mother's participation by granting the section 19-3-207(1) protective order sooner than the first day of the adjudicatory trial. In fact, the motion didn't mention the section 19-3-207(1) protective order at all.

¶ 14    Our review of the record shows that mother didn't raise her sole issue on appeal to the juvenile court before or during the adjudicatory trial. *See Ujaama,* ¶ 37. And mother never referenced the timing of the protective order as part of the explanation for her failure to participate or in any other context. Mother's argument is thus unpreserved, and accordingly, we will not review the timing of the juvenile court's decision to grant the Department's request for a section 19-3-207(1) protective order.

### D. Disposition

¶ 15 The judgment is affirmed.

JUDGE WELLING and JUDGE SCHUTZ concur.